HENRY MERZBACH, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

1. NEW YORK CITY — RIGHT OF EMPLOYEE TO RECOVER FOR SERV-ICES AS NOTARY PUBLIC. The office of notary public is not incom-patible with the position of messenger or librarian in the office of the dis-trict attorney of the city and county of New York, and a notary holding such position may recover his fees as notary for services rendered at the request of the district attorney, in connection with the criminal business of the county, unless he has waived his right thereto, either expressly or impliedly.

2. TRIAL — BURDEN OF PROOF. Upon the trial of an action against the city of New York by an employee thereof, to recover for services as a notary public, in which the defendant interposed the affirmative defense that the services were rendered voluntarily with no agreement that they were to be paid for, an instruction in substance that the burden was on plaintiff to establish an agreement that he should be paid is reversible error, since the jury should have been instructed that it was upon defend-ant to establish an agreement that he was not to be paid.

Merzbach v. Mayor, etc., of N. Y., 19 App. Div. 186, reversed.

(Argued March 21, 1900; decided May 1, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 22, 1897, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Victor Goldberg* for appellant. An implied prom-ise to compensate the plaintiff arose from the performance of the services by him at the request of the district attorney, and it was error for the learned justice to charge that there must have been an, understanding, upon the part of the city, to compensate plaintiff for his notarial services. (*Merzbach* v. *Mayor, etc.*, 10 Misc. Rep. 131; *McCormick* v. *Mayor*, 14 Misc. Rep. 272; *Hatch* v. *Mann*, 15 Wend. 44; *Langdon* v. *Castleton*, 30 Vt. 285 ; *Mayor* v. *Muzzy*, 33 Mich. 61; *City of Calais* v. *Whidden*, 64 Me. 249 ; *People ex rel.* v. *Suprs,*

*of Albany Co.,* 12 Wend. 257; *Doubleday* v. *Suprs. of Broome Co.,* 2 Cow. 533; *City of Detroit* v. *Redfield,* 19 Mich. 376; *Converse* v. *United States,* 21 How. [U. S.] 464.) The plaintiff's position as an employee in the district attorney's office did not preclude him from receiving pay for services as a notary public rendered in the office. (19 Am. & Eng. Ency. of Law, 530; *United States* v. *Brindle,* 110 U. S. 688; *Marvin* v. *United States,* 44 Fed. Rep. 405; *Collins* v. *United States,* 15 Ct. of Cl. Rep. 22; *Fellows* v. *Mayor, etc.,* 8 Hun, 484; *People ex rel.* v. *Nichol,* N. Y. L. J., June 4, 1891; *Landon* v. *Mayor, etc.,* 7 J. & S. 467; *Whitmore* v. *Mayor, etc.,* 67 N. Y. 21.) The city was properly chargeable with the payment of the fees claimed by the plaintiff. (1 R. S. 385, § 3; L. 1882, ch. 410, § 27; Code Civ. Pro. §§ 3291, 3298; *Tompkins* v. *Mayor, etc.,* 14 App. Div. 536; *People ex rel.* v. *Bd. of Suprs.,* 134 N. Y. 1.)

*John Whalen, Corporation Counsel (Theodore Connoly* and *Terence Farley* of counsel), for respondent. The determination of the jury was amply sustained by the evidence. (*Cheney* v. *N. Y. C. & H. R. R. R. Co.,* 16 Hun, 415; 1 Thompson on Trials, §§ 1037, 1039; *Sweeney* v. *Mayor,* 43 N. Y. S. R. 642; *Lesser* v. *Wunder,* 9 Daly, 73; *Koehler* v. *Adler,* 78 N. Y. 291; *Wohlfahrt* v. *Bechert,* 12 Abb. [N. C.] 483; Wood on Mast. & Serv. 94; *Robinson* v. *Cushman,* 2 Den. 149; *Woodard* v. *Bugsbee,* 4 T. & C. 393; *Lipe* v. *Eisenlerd,* 32 N. Y. 229.) An officer is not entitled to compensation unless it is given to him by the Constitution or a statute; and where compensation is thus given, whether by salary or by fees, or by commissions or otherwise, it is in full of all his official services, and he is not entitled to demand or receive any additional compensation, from the public or from an individual, for any services within the line of his official duty, although his duties have been increased or entirely new duties have been added since he assumed office, or if his compensation consists of fees, although the service is one for which no fee is provided by law. (*Heslep* v. *Sacramento,* 2 Cal. 580;

*Stansbury* v. *United States*, 1 Ct. of Cl. Rep. 123; 8 Wall. 33; *United States* v. *Smith*, 1 Bond, 68; *Hatch* v. *Mann*, 9 Wend. 262; *Grubb* v. *Louisa County*, 40 Iowa, 314; *Townsend* v. *Ross*, 13 J. & S. 447; *Decatur* v. *Vermilion*, 77 Ill. 315; *Rowe* v. *Kern County*, 72 Cal. 353; *Sidway* v. *Park Comrs.*, 120 Ill. 496; *County Comrs.* v. *Honn*, 23 Kan. 256.) To charge a county with a claim for services rendered or expenses incurred, there must be some statutory authority authorizing the same to be rendered or incurred or directing the payment thereof. (*People ex rel.* v. *Suprs. Albany Co.*, 28 How. Pr. 22.) The exception to that portion of the charge holding that, in order to establish a liability, there must be an understanding on the part of the city to pay, is not well taken. (*People ex rel.* v. *Speir*, 77 N. Y. 144; Keener on Quasi Contracts, 4; *Lampleigh* v. *Brathwait*, Hob. 105b; *Osborne* v. *Rogers*, 1 Saund. 264; *Coe* v. *Wager*, 42 Mich. 49; *Otis* v. *Jones*, 21 Wend. 394; *Ingraham* v. *Gilbert*, 20 Barb. 151; *Wightman* v. *United States*, 23 Ct. of Cl. Rep. 144; *Potter* v. *Carpenter*, 76 N. Y. 157; *Bartholomew* v. *Jackson*, 20 Johns. 28.) The burden of proof was on the plaintiff to show that the services were not gratuitous. (*F. L. & T. Co.* v. *H. R. R. Co.*, 152 N. Y. 251.)

VANN, J. Between June 11th, 1885, and December 31st, 1890, the plaintiff occupied a subordinate position in the office of the district attorney of the city and county of New York, and received the salary fixed by law for his services rendered in that capacity. During said period, at the request of the district attorney, he also rendered services as notary public by administering oaths and taking acknowledgments required by the People in the various proceedings connected with the criminal business of the county. This action was brought to recover the fees allowed by law for thus acting as notary, and the defendant pleaded, as a distinct defense, that the services alleged, if any, were rendered by the plaintiff voluntarily, without any agreement that he was to receive payment therefor.

Upon the trial evidence was given tending to sustain the allegations of the respective pleadings. It was not denied that the plaintiff in fact rendered the services at the request of the district attorney, and that they were necessary in the transaction of his official business; that some of the fees sued for were collected and retained by the city when judgments were paid; that the district attorney had authority to incur such expenses, and that an appropriation was made each year for the payment thereof through the comptroller. In June, 1885, the plaintiff, as he testified, told the district attorney then in office that one of his bills for services as notary, which had been duly approved, had been rejected by the comptroller, and that the district attorney answered: "You ought to get paid. You are entitled to it." After this he opened an account with the city and rendered bills repeatedly, but the comptroller refused to pay them, even when they had been approved by the district attorney or under his direction. It was his custom to send in a bill once or twice a year. During the first three years, while he was messenger for the district attorney, his charges amounted to less than five dollars, but during the last three, while he was librarian, they amounted to over $370. There was no controversy as to the amount or the accuracy of his charges. He testified that he told the district attorney and his successor that he should charge for his services, and no objection was made by either. Subsequently, his bills, although duly approved in some instances, were repudiated by the comptroller, including a portion of those involved in this action. The duties to which the plaintiff was assigned as messenger and librarian did not include the rendition of services as notary. There was no arrangement when he entered the office that he was to take affidavits and acknowledgments, either with or without compensation. The district attorney testified that he had no recollection of authorizing payment for notary's fees, and that the custom in his office was not to pay such fees to salaried officers. It did not appear that the plaintiff was appointed notary through the influence or upon the recommendation of the district attorney,

or as a convenience to him. Each alternate year, when reappointed by the governor, he paid from his own means the fee of $10 required by law upon filing his official oath with the county clerk. (L. 1892, ch. 683; L. 1893, ch. 248; L. 1894, ch. 88.)

The only question submitted to the jury, as stated by the trial judge in his charge, was " whether there was an express or an implied contract on the part of the district attorney, representing the city, that this man should have not only the salary the city had agreed to give him but extra compensation for those affidavits. That is the question I submit to you, and on that the determination of this case must hinge. That is the pivot on which it turns and which must control its final disposition." The jury found for the defendant, the Appellate Division affirmed, two of the justices dissenting, and the plaintiff comes here. Upon the first trial the plaintiff succeeded, but the judgment was reversed for a reason that has no application to the present appeal. (*Merzbach* v. *Mayor*, 10 Misc. Rep. 131.)

The trial court instructed the jury in substance that unless they found there was an agreement, express or implied, that the plaintiff should be compensated for his services in taking affidavits and acknowledgments in addition to the salary he received, they should find a verdict for the defendant, to which the plaintiff excepted. At the request of the counsel for the defendant the court further charged " that the burden is on the plaintiff on all the issues," and the plaintiff again excepted.

Two issues were joined by the pleadings, the first of which, tendered by the plaintiff, was whether he rendered the services in question at the request of an officer authorized to contract for the same. The second, tendered by the defendant, was whether the services were rendered voluntarily with no agreement that they were to be paid for. This was an affirmative defense in the nature of a confession and avoidance. The burden of proof is on the party who tenders the issue, because he who affirms must produce the proof to sustain his

affirmation. The one who denies may rest on the weakness of his opponent's evidence, but the one who affirms must rest on the strength of his own evidence. As to the allegations of the complaint, the burden of proof was upon the plaintiff, and as to the affirmative defense pleaded in the answer the burden of proof was upon the defendant. Thus each party had an affirmative issue to maintain, as each alleged the facts tendering the issue, which made a burden remaining throughout the trial. *Ei incumbit probatio, qui dicit, non qui negat* is a maxim both of the civil and the common law which applies to this case. The test is which party must touch the issue first, or which will prevail thereon if no evidence is given? Clearly upon the issue tendered by the complaint the defendant must have succeeded, and upon that tendered by the answer, the plaintiff, if no evidence had been introduced relative thereto.

The plaintiff held two public offices at the same time, but as neither was incompatible with the other he was entitled to the emoluments of both so long as he was permitted to hold both. The Consolidation Act expressly excepts the position of notary public from the prohibition against holding more than one office. (L. 1882, ch. 410, § 55.) As the functions of a notary public require no time to speak of, they could be performed by the plaintiff without interfering with his duties as messenger or librarian. The defendant, for whom he rendered services in that capacity, was liable to him for the legal fees, not by virtue of a contract but by operation of law. (*Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536.) By force of the statute any officer authorized to administer oaths, take acknowledgments and certify the same, is entitled to certain fees therefor. (Code Civ. Pro. § 3298.) The plaintiff was such an officer, and was entitled to the fees unless he waived his right thereto, either expressly, of which there was no evidence, or impliedly, of which there was some evidence. As he actually rendered the services at the request of an officer authorized to bind the defendant for the expense thereof, he was entitled to recover the legal fees, unless the defendant

established a waiver. (1 R. S. 385, § 3; Consol. Act, § 27.) Those services were not incidental to his duties as messenger or librarian, but were wholly independent thereof. When he was requested to act as notary he was not asked to discharge a duty required by his appointment to a local office by the district attorney, but one due from him as a state officer under the appointment of the governor. (*People* v. *Rathbone*, 145 N. Y. 434.) There was no connection between the two offices, which were distinct in their origin and nature as well as in the compensation attached thereto. If extra duty, however onerous, had been imposed upon the plaintiff as messenger or librarian, he would not be entitled to additional compensation therefor, because a public officer with a fixed salary is bound to perform the duties of his office for the compensation provided by law. (Const. art. 3, § 28; *Hatch* v. *Mann*, 15 Wend. 45; *People ex rel. Phœnix* v. *Supervisors*, 1 Hill, 362.) If his powers or duties are increased, even by statute, and his salary is untouched, he must submit or resign. (1 Dillon Munic. Corp. [4th ed.] 233; 1 Beach Pub. Corp. § 170.) The plaintiff does not claim extra compensation as librarian, but ordinary compensation as notary. His services as notary were not, and could not be, rendered by him as librarian. They did not belong to the latter office, for, acting in that capacity, he could not perform them. The district attorney could not direct him as librarian to take an acknowledgment, and as notary he had no control over him. In that capacity he was not a subordinate but an independent officer, acting wholly upon his own judgment, solely responsible for his own negligence and entitled to compensation, in the absence of an agreement to the contrary, the same as if he had held no other office. When he acted as notary he rendered a service which had no connection or affinity with any power or duty of his other office. (*Converse* v. *United States*, 62 U. S. 463.) There was nothing in common between the two offices, for the line of separation, both as to power and compensation, was as distinct as if they had been held by different persons. While the situation of the parties was such as to require slight evidence to establish an

implied agreement that the plaintiff was to make no charge for acting as notary, the evidence presented a question of fact which was so close that three juries have disagreed in relation to it. The burden of proof, according to the pleadings, as well as the undisputed facts, rested upon the defendant to show that there was an understanding between the parties that the plaintiff should not charge for his services. (*Smith* v. *Long Island R. R. Co.* (102 N. Y. 190, 192). The jury, however, were instructed in substance that the burden was on the plaintiff to establish an agreement that he should be paid, whereas they should have been instructed that the burden was upon the defendant to establish an agreement that he was not to be paid. The charge of the court as to the burden of proof deprived the plaintiff of an important legal right, which is presumed to have affected the verdict, and the judgment appealed from should, therefore, be reversed and a new trial granted, with costs to abide the event.

GRAY, BARTLETT, MARTIN, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., not sitting.

Judgment reversed, etc.