BENJAMIN P. BENJAMIN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Services of a commissioner of deeds, employed by the city of New York, who takes affidavits to accounts of employees of the city — when he is not entitled to compensation beyond his salary, from the city.*

A clerk, employed at a fixed annual salary, in the bureau of highways of the city of New York, cannot recover compensation from the city for services rendered by him as a commissioner of deeds in taking the affidavits of certain employees of the department of public works to accounts presented by them, where it appears that he rendered such services, either believing them to be a part of his clerical duties or expecting compensation only from those who made the affidavits.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of May, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Chase Mellen,* for the appellant.

*Isidore S. I. Chirurg,* for the respondent.

PATTERSON, J. :

The plaintiff was a clerk in the bureau of highways of the city of New York, and was also a commissioner of deeds, authorized as such to take affidavits and acknowledgments. As a clerk in the bureau he received a fixed annual salary. Between the 15th day of December, 1895, and October 5, 1901, he, as a commissioner of deeds, took affidavits of certain employees of the department of public works, namely, inspectors upon public work, those affidavits being required in verification of the accounts presented by such inspectors as to the number of days work performed by them.

When the plaintiff entered upon his employment as a clerk, which was before the year 1890, he found it was the custom of clerks in the bureau to take affidavits of the character named, and thereupon he applied for an appointment as a commissioner of deeds. He

took the affidavits at the request of the superintendent of the bureau. He never gave a thought, as he expresses it, to being compensated, thinking that the taking of the affidavits was a part of his duties. Sometime in 1890 he had a conversation with Mr. Dean, who was the superintendent of street improvements, and stated to him that there were other people in the office who were getting paid by the inspectors for taking affidavits in the office, that is, being paid by each inspector when he swore to the affidavit, and he asked Mr. Dean if he could not get that compensation from the inspectors. Mr. Dean said "no," but that he would speak to the commissioner about it, but nothing resulted from that conversation. The plaintiff did not at that time ask that the city pay for the affidavits.

A commissioner of deeds is entitled to collect twelve cents for every affidavit taken by him, but the plaintiff never expected compensation from the city and never supposed that there was any liability upon the part of the city to pay him for these affidavits until after the decision of the case of *Merzbach* v. *Mayor* by the Court of Appeals in May, 1900 (163 N. Y. 16), which inspired the institution of this action. It was held in that case that, the office of notary public being not incompatible with the subordinate position of a messenger or librarian in the district attorney's office, a person holding those two positions might recover the statutory fees to which a notary public was entitled for taking affidavits, notwithstanding his receipt of salary connected with his other position, unless he had waived his right thereto, either expressly or impliedly; and it was further held that, where such person brought his action to recover the fees as notary public and a defense was interposed that the services were rendered voluntarily, with no agreement that they were to be paid for, the burden of proof was on the defendant to establish an agreement or understanding that the notary's services were rendered gratuitously. · It appeared in the *Merzbach* case that, when the services were rendered by the notary to the district attorney, the latter was expressly notified that compensation would be claimed for such services. In the case at bar it is evident that the plaintiff contemplated and intended that his services as a commissioner of deeds in taking affidavits should be in accordance with the custom of the bureau in which he was employed, and he sought an appointment as commissioner of deeds in order that he

might perform that service precisely as other clerks in that bureau did.

There is nothing in this case to show that taking the affidavits of the inspectors was to be done at the expense of the city. On the contrary, the plaintiff's own evidence establishes that it was the inspectors themselves, the affiants, who paid for the affidavits. Those affidavits were necessary to complete vouchers to be furnished by them, and whatever payment was made for taking the affidavits or certifications was made by the inspectors themselves. All the plaintiff desired was that he might receive compensation for taking those affidavits in the same way in which other clerks received it, that is, to be put on an equal footing with them. From that circumstance, in connection with the manner in which the business was transacted in the bureau, the inference is fully justified that the plaintiff took these affidavits because he thought it was part of his clerical duty, or that, if he were entitled to compensation at all, it was to be made by the affiants, whose duty it was to present their vouchers in such shape as would make them acceptable to those charged with auditing or paying them. The services were rendered to the affiants and not to the city, and the proof is that they were rendered without the slightest expectation of the city being responsible for the fees.

Where it thus plainly appears that the plaintiff rendered service, either believing it to be part of his clerical duty or expecting compensation only from those who made the affidavits, he must be regarded as having acted upon that understanding only. It is not a question of waiver of a right which he had to statutory fees, but of his willingness and of his intention to perform the service without looking for any compensation, unless he received it from the inspectors.

In this case the learned judge charged the jury that the burden was upon the defendant to prove by a preponderance of evidence that there was an agreement between the plaintiff and the city that the plaintiff was to have no compensation for taking those affidavits, which, of course, meant any compensation from the city. We think, in this case, that was shown on the plaintiff's own proof, and that the complaint should have been dismissed.

Without considering the question as to the authority of the offi-

cers of the bureau in which the plaintiff was a clerk to employ a notary public, or to incur an indebtedness for the city on such employment, we think, for the reasons assigned above, that the judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

O'BRIEN, McLAUGHLIN and LAUGHLIN, JJ., concurred.

VAN BRUNT, P. J. (concurring):

I concur in the result. I am of the opinion that the plaintiff, being an employee of the city, could make no charge for work done even for the city in office hours.

I think that another reason why there can be no recovery in this case is that there is no evidence whatever that any person in the bureau of highways could incur any such obligation on the part of the city.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.