FRANCIS J. ROURKE, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Services of a commissioner of deeds, employed by the city of New York, in taking affidavits of city inspectors — a waiver of the right to compensation may be established by implication.*

In an action by a clerk, employed at a fixed salary in the department of water supply in the city of New York, to recover from the city fees for services rendered by him as a commissioner of deeds, in taking the affidavits of inspectors in the employ of the department, a waiver by the plaintiff of his right to recover for such services may be established by implication resulting from the circumstances of the case, and it is not necessary for the defendant to establish an express agreement by the plaintiff not to charge for such services.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of May, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Chase Mellen,* for the appellant.

*Isidore S. I. Chirurg,* for the respondent.

PATTERSON, J. :

The plaintiff, who was a clerk in the department of water supply in the city of New York, sued to recover fees as a commissioner of deeds for services rendered in taking affidavits of inspectors in the bureau of water supply in the borough of Brooklyn. The defendant set up the affirmative defenses of waiver of the right to compensation, and that the plaintiff took the affidavits as part of his regular clerical duties. The plaintiff took the affidavits for some years prior to January, 1898, but makes no claim except for compensation for those taken between January, 1898, and October, 1901. On the trial the plaintiff had a verdict and from the judgment entered thereon and from an order denying a motion for a new trial the defendant appeals. The plaintiff says that some time in April, 1898, he had a conversation with Mr. Frost, who was the water registrar, and was told to go ahead and take affidavits and that Mr.

Frost would see that his fees as commissioner were paid — that is, that the city would pay them. Without considering the question of the authority of the water registrar to enter into a contract of this character for the city, we think the judgment the plaintiff has recovered should be reversed for the failure of the court to instruct the jury, upon the request of the defendant, that they were to determine, as matter of fact, whether or not the plaintiff had waived his right to compensation. There was evidence which would have authorized the jury to find that such compensation was waived. The learned judge charged the jury that the question of waiver was in the case. He said " the plaintiff, as a clerk in the employ of the city under a fixed salary, had a right to waive compensation for taking the affidavits in question, and the question to be determined by you is whether, in point of fact, he did waive his right in that respect, or in other words, whether, as between him and the city, there was an agreement that he was not to be paid for taking the affidavits." The court further instructed the jury that the question to be determined was not whether the plaintiff made an agreement that he should be paid, but that it was whether the defendant had proven an agreement that he *was not* to be paid; whereupon the counsel for the defendant asked the court to charge that it is for the jury to determine, as matter of fact, whether or not the plaintiff waived his right to compensation.

The effect of the charge of the learned judge was that there could be no waiver except by an agreement on the part of the plaintiff not to charge the city for his services as commissioner of deeds. The court also charged that the burden of proof was upon the defendant to establish that an agreement existed that the plaintiff *was not to be paid* by the city. We do not understand the decision in *Merzbach* v. *Mayor* (163 N. Y. 16) to go to that extent. It is there remarked that the jury should have been instructed *under the particular facts* of that case that the burden was upon the defendant to establish such an agreement, and that remark was made because of the condition of the pleadings and the undisputed facts appearing in the record, but it was also remarked that the plaintiff there " was entitled to the fees (as notary public) unless he waived his right thereto, either expressly * * * or *impliedly*."

Under the ruling of the court that the question of waiver was an

issue in the present case, it was competent for the defendant to contend before the jury that the plaintiff had waived his right to the fees otherwise than by an express agreement not to charge them, and that, therefore, the question was a general one on the whole evidence for their determination. Waiver could be established by implication resulting from the circumstances proven and the conduct of the plaintiff, and was not solely dependent upon the defendant showing that the plaintiff expressly agreed not to charge fees as a commissioner of deeds.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

O'BRIEN, MCLAUGHLIN and LAUGHLIN, JJ., concurred.

VAN BRUNT, P. J. (concurring):

I concur in the result. I am of the opinion that the plaintiff being an employee of the city could make no charge for work done even for the city in office hours.

I think that another reason why there can be no recovery in this case is, that there is no evidence whatever that any person in the department of water supply could incur any such obligation on the part of the city.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.