### ROURKE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. MUNICIPAL EMPLOYE—ACTION FOR FEES—INSTRUCTIONS—WAIVER OF COMPENSATION.

 There being evidence in an action by a clerk in a city water department on a fixed salary against the city for fees as a commissioner of deeds for taking affidavits of inspectors in the department, which would authorize a finding that such compensation was waived otherwise than by an agreement that he was not to be paid therefor, and the court having ruled that the question of waiver was an issue in the case, it was error to instruct that the question was whether plaintiff waived his right,—that is, whether there was an agreement that he was not to be paid for taking the affidavits.

Appeal from trial term, New York county.

Action by Francis J. Rourke against the city of New York. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Chase Mellen, for appellant.
Isidore S. I. Chirurg, for respondent.

PATTERSON, J. The plaintiff, who was a clerk in the department of water supply in the city of New York, sued to recover fees as a commissioner of deeds for services rendered in taking affidavits of inspectors in the bureau of water supply in the borough of Brooklyn. The defendant set up the affirmative defenses of waiver of the right to compensation, and that the plaintiff took the affidavits as part of his regular clerical duties. The plaintiff took the affidavits for some years prior to January, 1898, but makes no claim except for compensation for those taken between January, 1898, and October, 1901. On the trial the plaintiff had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, the defendant appeals.

The plaintiff says that some time in April, 1898, he had a conversation with Mr. Frost, who was the water registrar, and was told to go ahead and take affidavits, and that Mr. Frost would see that his fees as commissioner were paid; that is, that the city would pay them. Without considering the question of the authority of the water registrar to enter into a contract of this character for the city, we think the judgment the plaintiff has recovered should be reversed for the failure of the court to instruct the jury, upon the request of the defendant, that they were to determine as matter of fact whether or not the plaintiff had waived his right to compensa-

tion.   There was evidence which would have authorized the jury to find that such compensation was waived.   The learned judge charged the jury that the question of waiver was in the case.   He said "the plaintiff, as a clerk in the employ of the city under a fixed salary, had a right to waive compensation for taking the affidavits in question; and the question to be determined by you is whether in point of fact he did waive his right in that respect, or, in other words, whether, as between him and the city, there was an agreement that he was not to be paid for taking the affidavits."   The court further instructed the jury that the question to be determined was not whether the plaintiff made an agreement that he should be paid, but was whether the defendant had proven an agreement that he was not to be paid; whereupon the counsel for the defendant asked the court to charge that it is for the jury to determine as matter of fact whether or not the plaintiff waived his right to compensation.   The effect of the charge of the learned judge was that there could be no waiver except by an agreement on the part of the plaintiff not to charge the city for his services as commissioner of deeds.   The court also charged that the burden of proof was upon the defendant to establish that an agreement existed that the plaintiff was not to be paid by the city.   We do not understand the decision in Merzbach v. City of New York, 163 N. Y. 16, 57 N. E. 96, to go to that extent.   It is there remarked that the jury should have been instructed, under the particular facts of that case, that the burden was upon the defendant to establish such an agreement; and that remark was made because of the condition of the pleadings and the undisputed facts appearing in the record.   But it was also remarked that the plaintiff there "was entitled to the fees [as notary public] unless he waived his right thereto either expressly or impliedly."   Under the ruling of the court that the question of waiver was an issue in the present case, it was competent for the defendant to contend before the jury that the plaintiff had waived his right to the fees otherwise than by an express agreement not to charge them, and therefore was a general one on the whole evidence for their determination.   Waiver could be established by implication resulting from the circumstances proven and the conduct of the plaintiff, and was not solely dependent upon the defendant showing that the plaintiff expressly agreed not to charge fees as a commissioner of deeds.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.

McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J.   I concur in the result.   I am of the opinion that the plaintiff, being an employé of the city, could make no charge for work done, even for the city, in office hours.   I think that another reason why there can be no recovery in this case is that there is no evidence whatever that any person in the department of water supply could incur any such obligation on the part of the city.