McCABE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. MUNICIPAL BUILDING DEPARTMENT—EMPLOYES—MAKING AFFIDAVITS—EXTRA COMPENSATION.

Rule 27 of the New York City building department requires all employés to perform such other duties not specially prescribed for them as the interest of the service may require in the opinion of the superintendent of buildings. Rule 5 requires all necessary notices to be served by any employé, and proper returns thereof to be immediately made. The chief clerk instructed employés that affidavits required to be taken in the department were to be so taken as part of their duties. *Held*, that an employé was not entitled to extra compensation for services in connection with the taking of affidavits.

Appeal from trial term, New York county.

Action by Thomas J. McCabe against the city of New York. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Chase Mellen, for appellant.
Isidore S. I. Chirurg, for respondent.

HATCH, J. In its general features this case is brought within the decision in Benjamin v. City of New York (Sup.) 78 N. Y. Supp. 1067, where the judgment was reversed. The principles of law therein enunciated are controlling of the rights of the plaintiff in the present action. In addition to this, it is disclosed by the present record, without dispute, that by rule 27 of the building department, to which the plaintiff was subject, it was required that all employés of such department should perform such other duties, not therein specially prescribed for them, as the interest of the departmental service may demand or require, in the opinion of the superintendent of buildings; and by rule 5 it was required that all notices of violation of law and others as may be necessary shall be served by the messenger or any employé of the department in a careful, exact, and proper manner, and the proper returns of such service shall be made immediately thereafter. It was testified by the chief clerk of the department of buildings, and not disputed, that, in connection with these rules, he gave to the employés instructions that the affidavits required in the department to be taken were so to be taken as a part of the duty of the respective employés. It must have been understood,

therefore, by the plaintiff and the other employés that what they did in connection with the matter for which they now seek to recover was a part of the duty which devolved upon them to perform in connection with their employment, and under such circumstances no additional charge beyond the salary received by him or them could be properly received therefor. The case is essentially different from Merzbach v. City of New York, 163 N. Y. 16, 57 N. E. 96, as therein the services were recognized to be independent of the official employment, and the charges were made under the direction of the head of the office. He was authorized to incur such charge, and an appropriation had been made for payment for such expenses. No such facts appear in this case.

The court was therefore not authorized to direct a verdict, and the judgment based thereon should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

VAN BRUNT, P. J. I concur with Mr. Justice HATCH in his opinion in this case. I am also of opinion that the plaintiff, being an employé of the city, could make no charge for work done even for the city in office hours. I think that another reason why there can be no recovery in this case is that there is no evidence whatever that any person in the building department could incur any such obligation on the part of the city.