(53 Misc. Rep. 310)

### BOGART v. TANNENBAUM.

(Supreme Court, Appellate Term. March 14, 1907.)

EVIDENCE—BURDEN OF PROOF—MATTERS OF DEFENSE.

In an action for attorney's fees, the employment and the value of services being admitted, the burden of proof as to a special agreement, set up as a defense, that plaintiff should render the services in consideration of defendant's dismissing an appeal from a judgment in favor of a third person, is on defendant; and it is error to refuse to so charge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 119.]

Appeal from City Court of New York, Trial Term.

Action by John Bogart against Lippmann Tannenbaum. From a judgment on a verdict for defendant, and from an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Bogart & Bogart, for appellant.
Thomas J. Bannon, for respondent.

HENDRICK, J. The complaint in this case alleges the rendition of services as an attorney of the value of $500, that the defendant agreed to pay that sum therefor, and that the same has not yet been paid. The answer is, first, a general denial; and, secondly, for a separate and distinct defense, the defendant alleges, in substance, that the plaintiff agreed that, if the defendant would withdraw an appeal which he had taken from a judgment in favor of one Dattelbaum, who was the plaintiff's father-in-law, the plaintiff would render any and all services in an action to be brought against one Joseph Rundback and one Edward Rundback to recover the amount of said judgment, and would assist in any suit that had been brought or was about to be brought, without any charge whatsoever, and that, relying upon the said agreement and having entered into the same with the plaintiff, the defendant caused said appeal to be withdrawn, and that the serv-

ices mentioned in the complaint were the services performed under that agreement. The employment of the plaintiff and the value of his services were admitted upon the trial. Evidence was adduced by the defendant to establish the separate defense set up in the answer, and at the conclusion of the case the following requests and exceptions were noted in the record:

"Defendant's Counsel: I ask your honor to charge that the burden of proof is upon the plaintiff.

"The Court: I so charge. (Exception.)

"Defendant's Counsel: I ask your honor to charge that, if the testimony is so evenly balanced that they cannot tell who has the greater weight of the evidence, then the defendant is entitled to a verdict.

"The Court: I so charge.

"Plaintiff's Counsel: I except. I ask your honor to charge the jury that the burden of proof as to the separate agreement is on the defendant.

"The Court: I decline to so charge.

"Plaintiff's Counsel: I except."

I do not think these rulings can be sustained. The plaintiff's case was made out when he proved his retainer, the rendition of his services, and their value. It was then incumbent upon the defendant to establish his separate defense, namely, that the services were to be gratuitous in the event of the defendant's complying with the plaintiff's request to withdraw the appeal from the judgment against plaintiff's father-in-law. It was error to refuse to charge, as requested by the plaintiff's counsel, that the burden of proof as to the special agreement was on the defendant. Merzbach v. Mayor of N. Y., 163 N. Y. 16, 57 N. E. 96; Smith v. L. I. Ry., 102 N. Y. 190, 6 N. E. 397, As was said in Merzbach v. Mayor of New York, supra:

"The jury were instructed, in substance, that the burden was on the plaintiff to establish an agreement that he should be paid; whereas, they should have been instructed that the burden was upon the defendant to establish an agreement that he was not to be paid."

For the reasons above stated, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

