GEORGE MORGAN, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

NEW YORK (CITY OF) — WHEN SALARIED EMPLOYEE OF DEPARTMENT, ALSO HOLDING OFFICE OF COMMISSIONER OF DEEDS, MAY RECOVER FOR SERVICES RENDERED IN TAKING AFFIDAVITS FOR CITY OFFICIALS. A messenger in the bureau of public buildings of the city of New York, serving under a salary, and also holding the office of commissioner of deeds, is entitled to recover from the city for his official services rendered as a commissioner of deeds in taking and certifying affidavits sworn to

before him by city officials, before office hours, where there was no understanding or agreement, express or implied, that such services should be part of his duty as a messenger in the department, for which he received a salary.

*Morgan* v. *City of New York*, 115 App. Div. 893, reversed.

(Argued December 5, 1907; decided December 17, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 1, 1906, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred J. Talley* and *Frederick St. John* for appellant. A notary or commissioner of deeds is entitled to compensation for services as such from a municipality while holding another office under such municipality. (*Merzbach* v. *Mayor, etc.*, 163 N. Y. 16.)

*Francis K. Pendleton, Corporation Counsel.* (*Theodore Connoly* and *Royal E. T. Riggs* of counsel), for respondent. The testimony shows an implied waiver of Morgan's right to charge for fees, inasmuch as the taking of these affidavits was part of his duties as messenger. (*Merzbach* v. *Mayor, etc.*, 163 N. Y. 16; *Benjamim* v. *City of New York*, 77 App. Div. 62; *Rourke* v. *City of New York*, 77 App. Div. 72; *Knox* v. *City of New York*, 78 App. Div. 368; *McCann* v. *City of New York*, 52 App. Div. 358; *Hughes* v. *City of New York*, 84 App. Div. 347; 176 N. Y. 585; *Fisk* v. *Jefferson Police Jury*, 116 U. S. 131; *McCabe* v. *City of New York*, 77 App. Div. 637; 176 N. Y. 587.)

HAIGHT, J. This action was brought to recover compensation as commissioner of deeds for administering an oath and certifying the same to 27,500 affidavits made by various messengers in the bureau of buildings in the city of New York. The plaintiff was a messenger in that department of the city government, serving under a salary and he also held

the position of commissioner of deeds of the city, authorized to administer oaths and take acknowledgments. He testified that these affidavits were sworn to before him before office hours and claims that they were no part of his services as a messenger.

In the case of *Merzbach* v. *Mayor, etc., of N. Y.* (163 N. Y. 21), we held that the office of notary public was not incompatible with the position of messenger or librarian in the office of the district attorney of the county of New York and that a person holding such position may recover his statutory fees for services rendered at the request of the district attorney, unless he has waived his right thereto, either expressly or impliedly.

In the case of *McCabe* v. *City of New York* (77 App. Div. 637; affd., 176 N. Y. 587) it was held that the plaintiff, who held a position in the building department of the city of New York, for which he received a salary, could not recover compensation from the city for services rendered by him as a commissioner of deeds in taking affidavits where it was understood that such services were to be rendered as a part of his clerical duties, and to the same effect is the case of *Benjamin* v. *City of New York* (77 App. Div. 62).

The distinction, therefore, is sharply drawn. The plaintiff is entitled to recover for his official services rendered as a commissioner of deeds in taking affidavits unless such services were performed with the understanding that they should be part of his duty as a messenger in the department for which he received a salary. On referring to the testimony given in behalf of the plaintiff we find evidence tending to show that the plaintiff claimed, all the time throughout the period that the services were rendered, that he was entitled to compensation therefor, and that he kept a written memorandum of the time and title of each case in which he had adminis tered an oath and certified the same. It also appears that he consulted the commissioner of buildings, asking him if he had any objection to his making a claim against the city for such services and was told by the commissioner that he had no

)bjection, and that the commissioner never instructed him to .tke affidavits without compensation or as a part of his duties as an employee in the department. Neither does any such instruction appear to have been issued to him by the chief clerk or other officers of the department until the 6th day of November, 1903, at which time the finance department called the attention of the superintendent to the matter and then he was required to sign a stipulation that thereafter the affidavits would be taken without compensation. All of the services for which he claims to recover were performed before such stipulation was required. We are, therefore, of the opinion that the case was brought within the principle decided in the *Merzbach* case, instead of the *McCabe* case, and that the court below erred in directing a verdict for the defendant.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

Cullen, Ch. J., O'Brien, Edward T. Bartlett, Vann, Hiscock and Chase, JJ., concur.

Judgment reversed, etc.