## BOOKMAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. EVIDENCE (§ 129*)—SIMILAR TRANSACTIONS.

　　In an action by a clerk in the office of the commissioner of jurors against the city to recover statutory fees for administering oaths and certifying thereto, evidence that the city had paid him a similar claim for which he had previously brought suit was inadmissible, particularly in the absence of proof that the commissioner had knowledge of the settlement.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 395–398; Dec. Dig. § 129.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** MUNICIPAL CORPORATIONS (§ 220*)—COMPENSATION OF EMPLOYÉS—ACTIONS—
BURDEN OF PROOF.

Where, in an action by a clerk in the office of the commissioner of jurors against the city to recover statutory fees for administering oaths, etc., it appeared that the services rendered were but incidental to the general duties of the position, the burden was on plaintiff to show affirmatively that they were rendered with the expectation on the part of himself and of his superior that he would be paid therefor in addition to his regular salary.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 220.*]

**3.** MUNICIPAL CORPORATIONS (§ 220*) — COMPENSATION OF EMPLOYÉS — EXTRA
SERVICES—ADMINISTERING OATHS.

The mere fact that a clerk in the office of the commissioner of jurors at an annual salary had to qualify as a commissioner of deeds to discharge the duties of his position did not entitle him to extra compensation for administering oaths and certifying thereto.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 220.*]

Woodward and Rich, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Joseph Bookman against the City of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Bruce R. Duncan, for appellant.

James D. Bell (William A. Mathis, on the brief), for respondent.

MILLER, J. The plaintiff was employed as a clerk in the office of the commissioner of jurors at an annual salary of $1,500, having general duties to perform which he thus described:

"I do the general work of the office, such as picking out jurors, examining jurors, see that they go to the commissioner and be sworn, and do writing, such as sending out notices, whatever there is to be done in the office; open the office, close it, or do anything in there; anything I am asked to do appertaining to the office. I have not any specific duties."

Once a month he took the affidavit of the commissoiner of jurors to the jury list. He also regularly took the affidavits of those who served the jury notices. He brings this suit to recover the statutory fees for administering the oaths and certifying thereto, amounting in all to $1,404 for the six years from 1902 to 1907, inclusive. The only reason he gives for delaying six years before presenting a bill is that he wanted to wait until the bill was large enough to be worth while. He says that some of the affidavits were taken before office hours; but it is apparent from his evidence that they were taken as a part of his routine work, and that, if he occasionally got to the office before 9 o'clock in the morning, it was not for the purpose of taking affidavits. There is no evidence of any agreement that he was to have extra pay for taking affidavits. He says that, when the present commissioner took office, he asked him if he should keep on taking affidavits as he had been doing, and was told to do so. He also testified that, previous

to the year 1902, he had filed a claim with the comptroller for affidavits taken during the years 1896 to 1901, inclusive, and that subsequently he brought suit against the city upon that claim.

One of the complaints made on this appeal is that he was not permitted to testify that the city paid him that claim; but surely the settlement of a suit by the city would not be evidence of an agreement by the commissioner to pay for his services, particularly in the absence of any proof that such officer had knowledge of the settlement. To succeed, then, the plaintiff must recover on an implied contract, or because he is entitled to the fees by operation of law. Undoubtedly, if the taking of the affidavits was not incidental to the duties of the position held by him, the burden would be upon the defendant to show that the services were rendered by the plaintiff without expectation of receiving pay therefor. Merzbach v. Mayor, 163 N. Y. 16, 57 N. E. 96; Morgan v. City of New York, 190 N. Y. 237, 82 N. E. 1089. But those cases are far from holding that, where affidavits are taken by a city employé as an incident to the general duties of the position held by him, he may recover the statutory fees from the city without proving a valid agreement to pay for such services. In the Merzbach Case the plaintiff was first a messenger and later a librarian. In the Morgan Case the plaintiff was a messenger. In neither case was the administering of oaths incidental to the duties of the position held.

This case is more nearly like the cases of Benjamin v. City of New York, 77 App. Div. 62, 78 N. Y. Supp. 1067, and McCabe v. City of New York, 77 App. Div. 637, 79 N. Y. Supp. 176. In those cases it appeared affirmatively that the services were rendered by the plaintiffs without expectation of receiving pay therefor from the city. In this case it appears that the services rendered were but incidental to the general duties of the position. I think the burden was upon the plaintiff to show affirmatively that the services were rendered with the expectation on his part and on that of his superior that he would be paid therefor in addition to his regular salary, if, indeed, that would entitle him to recover for services performed during regular hours—a point which it is unnecessary now to decide. The mere fact that he had to qualify as a commissioner of deeds to discharge the duties of his position does not entitle him to compensation. Probably he was willing to do what many others would doubtless have been glad of the chance to do.

The judgment should be affirmed.

HIRSCHBERG, P. J., and BURR, J., concur.

WOODWARD, J. (dissenting). The plaintiff, a commissioner of deeds, was employed as a clerk in the office of commissioner of jurors, and while so employed, at a salary of $1,500 per year, he alleges that with the consent, if not at the request, of the commissioner of jurors, he took the affidavits necessary to the work of the office, and he claims in this action the right to collect the statutory fees for this work. The learned trial court granted the defendant's motion for a nonsuit, and the plaintiff appeals to this court.

I am clearly of the opinion that the court erred in refusing to send this case to the jury. It cannot, I think, be distinguished in principle

from the cases of Merzbach v. Mayor, etc., of New York, 163 N. Y. 16, 57 N. E. 96, and Morgan v. City of New York, 190 N. Y. 237, 82 N. E. 1089, where the rule is laid down that a notary public or a commissioner of deeds is entitled to his statutory fees for taking affidavits, unless it is understood that such services are to be rendered as a part of his services as clerk or employé of the department accepting such services.

The judgment appealed from should be reversed.

RICH, J., concurs.