(21 App. Div. 180.)

PALMER v. BENJAMIN.

(Supreme Court, Appellate Division, Second Department. October 12, 1897.)

BROOKLYN CITY CLERK—RIGHT TO NATURALIZATION FEES.

Laws 1888, c. 583, tit. 2, § 6, and title 3, § 4 (Brooklyn City Charter), provide that the city clerk "shall perform such duties as are required by the clerks of the several towns of the state," and that he shall "receive and pay over to the treasurer all moneys which by any law or usage are paid to the clerk of the city"; that no city officer "shall receive any compensation whatever, except his salary fixed by law or ordinance, for any services performed or work done under any public authority"; and that "no officer or person who is paid a salary for his services from the city treasury shall receive to or for his own use any fees, perquisites of office, * * * paid to him in his official capacity," but that all such shall belong to the city. Laws 1895, c. 927, §§ 4, 7, relating to naturalization, provide that the applicant for papers shall give notice to that effect to the clerk of the city where he resides; that the clerk shall preserve a record of such notice, and give each applicant a certificate of compliance; and that the fees of the clerk for making such record and issuing the certificate shall be 50 cents for each application. *Held*, that the clerk is not entitled to retain for his own benefit fees paid under said act.

Appeal from special term, Kings county.

Application of George W. Palmer, as comptroller of the city of Brooklyn, against Joseph Benjamin, city clerk of Brooklyn, for mandamus commanding defendant to pay into the city treasury the sum of $1,146. A peremptory writ was denied, and applicant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William G. Cooke, for appellant.
Hugo Hirsh, for respondent.

BRADLEY, J. There is no controversy about the facts. The defendant during the time in question was city clerk of the city of Brooklyn. He, as such clerk, had an annual salary of $4,000. The money in question was received by the defendant in the performance of the duty imposed upon him as such city clerk by the statute concerning "naturalization and regulating the procedure in cases of naturalization in the courts of this state," which, among other things, provided that a person making application to become a citizen of the United States should give notice to that effect to the clerk of the city, town, village, or other place where he resided; that the

clerk should make and preserve a record of all such notices, and give each applicant a certificate of compliance, to be filed in the court; and that the fees of such clerk for making such record and issuing the certificate should be 50 cents for each application. Laws 1895, c. 927, §§ 4, 7. From February 24, 1896, to February 5, 1897, the defendant made record of 2,292 applications, and issued that number of certificates to applicants, pursuant to that statute, and received from them therefor $1,146. The question is whether this money should go into the city treasury, or be retained by the city clerk as a perquisite of his office. In his behalf it is contended that the services, pursuant to the naturalization act, for which the fees were paid to him, did not come within those for which his salary was provided, but that such service was other and beyond that of his relation of clerk to the city. While it is true that the proceedings for the admission of aliens to citizenship of the United States are not the business of the city, as distinguished from the state, the part taken in the proceedings by the person having the relation of city clerk is that of such clerk, as has been seen by the reference made to the statute on the subject. It is provided by the city charter that the city clerk "shall perform such duties as are required by the clerks of the several towns of the state," not inconsistent with the act, and that he should "receive and pay over to the treasurer all moneys which by any law or usage are paid to the clerk of the city" (Laws 1888, c. 583, tit. 2, § 6); that no city officer "shall receive any compensation whatever except his salary fixed by law or ordinance for any services performed or work done under any public authority"; and that "no officer or person who is paid a salary for his services from the city treasury shall receive to or for his own use any fees, perquisites of office, commissions, percentage or moneys paid to him in his official capacity; but all fees, perquisites, commissions, percentages and moneys so paid and received by any such officer or person shall be the property of the city and shall be paid into the treasury" (Id. tit. 3, § 4). Such were the terms and conditions upon which the defendant held the office of city clerk, and it is not important that additional duties were imposed upon such officer by law. They could not entitle him to further compensation. It was fixed by the salary provided for such clerk. People v. Supervisors, 1 Hill, 362; Baker v. City of Utica, 19 N. Y. 326. It is, however, urged by the learned counsel for the defendant that inasmuch as the statutory provisions under which the certificates were issued by him were no part of the city charter, but were applicable to proceedings in all parts of the state, his services in that respect were not performed for the city, but in his relation of agency to the state, and therefore those fees received by him are not due to the city treasury. They were nevertheless received by the defendant because he was city clerk, and for service required of the city clerk by statute; and, having performed the service in that capacity, it is difficult to see that he could receive the fees in any other character. He is given a salary for all his service performed by him as city clerk, and he is expressly denied the right to receive for his own use any fees or compensation paid to him in his official capacity. In view of the fact

that he is directed and permitted by the statute to receive the fees in question for his services as city clerk, he cannot, as such clerk, assume the character and relation of agency to another in discharge of a duty by services which can be performed by him only as city clerk. It would therefore seem that the services are not distinguishable as his from those which come within the express purpose for which the salary was provided.    In the view taken, it is not deemed important for the purposes of the question that the occasion for this service was not created by the city charter.    The duty belongs to the office of the clerk in each locality throughout the state in which the proceedings referred to are taken for the specified purposes, and the services performed by them in that behalf are no less the official business of the clerks, as such, than is any other official service devolved upon them.    Such was the nature of the defendant's services for which the fees were paid, and I think he has no right to withhold the amount of them from the city treasury.    Supervisors v. Jones, 119 N. Y. 339, 23 N. E. 742.    The cases of Supervisors v. Otis, 62 N. Y. 88, and O'Gorman v. Mayor, etc., 67 N. Y. 486, do not seem to have any essential application to the present case.

The order should be reversed, and the motion granted.    All concur.