(26 App. Div. 581.)

REYNOLDS v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. March 22, 1898.)

CITY HEALTH OFFICER—COMPENSATION.

In an action by the health officer of a city, who was paid a monthly salary, to recover the value of certain medical services, consisting of visits made by him to smallpox patients, it appeared that in one case the board of health had authorized him to employ a physician for the purpose, and that he had in fact attended to it himself, while in the other case, on his representation that he would like to make what money there was in it, it had directed him to attend to it himself. Held, that the duties of plaintiff's office necessarily embraced the character of services in question, and that he could not exact extra compensation therefor.

Appeal from trial term.

Action by James L. Reynolds against the city of Mt. Vernon. From a judgment entered on the verdict of a jury, directed by the court, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH. P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Marshall, for appellant.

Isaac N. Mills, for respondent.

HATCH, J. The purpose of this action is to recover the value of certain medical services, claimed by the plaintiff to have been rendered at the instance and request of the defendant, in pursuance of a contract executed by it through its board of health. The board of health of the defendant, who made the contract, was created by the charter of the defendant (chapter 182 of the Laws of 1892), section 220 of which provides that the board of health shall consist of the mayor, supervisor, and the health officer of the city. Such board of health is given power to prescribe regulations for vaccination, and the prevention of persons infected with contagious diseases from entering the city, and, further, to provide for the removal to a hospital or pest house of all persons suffering from or having been exposed to any contagious disease, to take charge of, inspect, and regulate the rebuilding, construction, and keeping clean all constructions or works affecting the public health,

and generally possessing such powers as are conferred upon such boards. By section 222 of said act, such board is authorized to prescribe the powers and duties of the health officer in all sanitary matters, so far as the same shall not come in conflict with such officer's powers and duties as prescribed by general laws.

In March, 1894, the plaintiff, as health officer, reported a case of smallpox in the city; and thereupon the board of health adopted a resolution that "the health officer be instructed to employ a special physician, compensation not to exceed twenty dollars a day, also a nurse and two special officers, all to be quarantined, and to take such other action as he may deem necessary in order to isolate the disease." Acting under this resolution, the plaintiff proceeded to isolate the person suffering from the said disease, and employed a physician, as directed by the resolution. This physician not proving satisfactory, the health officer took charge of the case in person, and made 35 visits to the patient at the place of isolation, for which he charged $5 a visit. Prior to this time, and on March 13th, he attended a case of confluent smallpox at No. 12 Stevens avenue, for which he charged $20. In July of the same year, the plaintiff, as health physician, reported a case of smallpox, and also stated to the board that he would like to make what money there was in it; and thereupon the board passed a resolution that "the health officer be authorized to employ two watchmen, a trained nurse, at five dollars a day, and attend to the case himself." In this case he charged for 16 visits, at $10 a visit, amounting in all to $160. His total bill, for which a judgment has been directed, amounts to $355 and interest. At the time of the adoption of these resolutions, the plaintiff was a member of the board, and so continued during the period of his attendance upon the cases. He did not vote upon the resolutions, but they were adopted by the other members of the board. At this time, however, he was paid a salary of $75 per month, which had been prior thereto fixed by the board. The judgment proceeds upon the ground that the services rendered by the plaintiff were additional to the duties devolved upon him as health officer, and, being of an extrahazardous character, entitled him to extra compensation at the rates charged.

The statute under which the board acted does not specifically define the duties of a health officer, but the nature of his employment and the purpose of the creation of the office sufficiently designate the character of the duties which he was to perform; and we think that such duties embraced necessarily the character of service which was rendered in this case. And while the board of health undoubtedly had power to authorize the employment of other physicians, and create a legal charge therefor against the city, so long as the statute remained in force under which it acted, yet we do not think that the officer himself could exact extra compensation for the service which he rendered, upon the basis that such service was extrahazardous. There was no employment by the board of health of the health officer in the first case. He took charge of that case upon his own motion. So far as the second resolution was concerned, by its very terms the duty of attending such case was devolved upon the health physician by the specific action of the board. They had the power, under this statute, to exact such service;

and the plaintiff became bound to render it by virtue of his general employment, and could not exact extra compensation therefor. The case in this respect falls within the principle enunciated in Cowan v. Mayor, etc., of New York, 3 Hun, 632; People v. Supervisors of New York, 1 Hill, 362. The fact, if such it be, that the city has, prior to this time, paid to another health officer extra compensation for such service, does not have the effect of creating a valid claim against the city for the services rendered by the plaintiff. Such is the conclusion of the court in the case last cited. Nothing which is contained in Mac-Donald v. Mayor, etc., of New York, 32 Hun, 89, conflicts with this view. In that case the service which was rendered by the physician was in no sense within the range of the duties imposed upon him by his employment. On the contrary, the services rendered therein were for another officer, in another department, and such services had no relation whatever, nor were they connected with the duties devolved upon him by the position which he held. The difference between the two cases is quite radical. In the present case the duties of the plaintiff were devolved upon him by his employment, and had immediate and direct relation to the obligations which rested upon him growing out of the position which he held. This leads us to the conclusion that no liability rested upon the city to make compensation for the service.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.