In the Matter of the Application of the CITY OF NEW YORK, Appellant, for a Writ of Certiorari against RICHARD MITCHELL et al., as Assessors of the Town of Southeast, Respondents.

NEW YORK CITY — TAXATION OF CITY PROPERTY LOCATED WITHOUT THE CORPORATION. The provision of the charter of the city of New York (L. 1901, ch. 466, § 480) that "the lands heretofore taken or to be taken for storage, reservoirs or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city * * * shall be assessed and taxed in the counties in which they are or may be located in the manner prescribed by law, exclusive of the aqueducts," is equivalent to a command to follow the provisions of the General Tax Law, except so far as special local regulations might exist, and since under that law only such property of a municipal corporation of the state held for a public use which is within the corporation is exempt from taxation (L. 1896, ch. 908, § 4), and the term "lands" when used with reference to an assessment for the purpose of taxation includes with the land all constructions which have been erected upon or affixed thereto, the inclusion in an assessment for taxation of the various constructions placed upon certain real property of the city situated in the town of Southeast in connection with the water works system is proper.

*Matter of City of New York* v. *Mitchell,* 106 App. Div. 614, affirmed.

(Argued November 21, 1905; decided December 5, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

June 29, 1905, which affirmed an order of Special Term confirming the proceedings of the assessors of the town of Southeast in assessing property of the city of New York situated in that town for the purposes of taxation, and dismissing a writ of certiorari to review such proceedings.

The facts, so far as material, are stated in the opinion.

*John J. Delany, Corporation Counsel* (*I. J. Beaudrias* of counsel), for appellant. At common law the property of the municipality was not taxable. (*People ex rel. Mayor* v. *Assessors,* 111 N. Y. 509; *City of Rochester* v. *Rush,* 80 N. Y. 302.) The General Tax Law of 1896 did not affect the special provisions applicable to New York city. (*B. C. Assn.* v. *City of Buffalo,* 118 N. Y. 61; *Parker* v. *E. R. R. Co.,* 165 N. Y. 279; *Custerton* v. *Town of Vienna,* 163 N. Y. 368.) The word "lands," as used in the act which gave the right to tax, never included the dams and other structures erected by the city of New York. (*People ex rel. Gas. Co.* v. *Feitner,* 78 App. Div. 313.)

*Abram J. Miller* for respondents. The property of the city of New York, outside its corporate limits, is liable to taxation under chapter 908 of the Laws of 1896. (*City of Rochester* v. *Coe,* 25 App. Div. 300; 157 N. Y. 678; *People ex rel. City of Amsterdam* v. *Hess,* 157 N. Y. 42.) The amendment of the Tax Law, whereby special franchises are made taxable, does not change the provisions of the Tax Law making property of municipal corporations outside of their corporate limits subject to taxation. (*People ex rel. City of Auburn* v. *Duryea,* 59 App. Div. 488; *People ex rel. City of Rochester* v. *De Witt,* 59 App. Div. 493.)

GRAY, J. The city of New York obtained a writ of certiorari directed to the assessors of the town of Southeast, county of Putnam, in this state, which brought up for review their proceedings in assessing certain real property of the city for taxation in their district, for the year 1902. This prop-

erty consisted of tracts of land, which had been acquired by the city, in the past, for the construction of reservoirs and for the protection of the city's water supply. The return of the assessors to the writ showed what properties had been the subjects of their assessment, the various facts upon which their determination had been reached and their procedure. It appeared that, for the first time, they had included in the assessment the various constructions placed upon the land by the city, in connection with the water works system, and the increase based thereupon constituted the grievance of the city and, though other questions were raised, relating to over-valuation and to inequality, it presents the only question, which we shall consider.

The assessors justify their action as based upon the legislative amendment, in 1901, of section 480 of the Greater New York charter, whereby whatever restrictions had theretofore existed, with respect to assessments of the city's properties for taxation purposes, had been removed.

The question, therefore, is whether, in making their assessments, the property of the city should have been assessed at the value of the lands, exclusive of the aqueduct and of the constructions and works necessary for the municipal purposes, or whether the land should have been assessed, exclusive, only, of the aqueduct, in the manner prescribed by law with respect to all other lands. The general exemption, to which the municipality was entitled, with respect to property held and used for governmental and public purposes, was first affected by legislative enactment in 1840, (Chap. 235, Laws of 1840), when its lands, not within corporate limits, were subjected to assessment and taxation at their value, but " exclusive of the aqueduct and the constructions and works necessary for its purposes." Acts subsequently passed, relating to the development and extension of the municipal water works system, substantially, preserved this qualified exemption, down to the enactment of section 480 of the Greater New York charter of 1897. In 1901, (Chap. 466, Laws of 1901), that section was amended so as to read as follows : " The lands

heretofore taken or to be taken for storage, reservoirs, or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city, or for the purpose of preventing contamination or pollution, shall be assessed and taxed in the counties in which they are or may be located, in the manner prescribed by law, exclusive of the aqueducts. But nothing in this section contained shall prevent the assessors in the county of Nassau from assessing the pumping stations and buildings located in such county." By this amendment, the direction that the lands shall be assessed and taxed " *at the value of the lands* " and exclusive of " *the constructions and works necessary for its purposes, provided that the assessed value of the said lands shall not exceed the assessed value of the lands in the immediate neighborhood,*" which was the language of preceding laws, was omitted. I should say that the purpose of the legislation from 1840 to 1901 is sufficiently conspicuous. Originally, and until the General Tax Law of 1896 was passed, it was to take away from the city that right to exemption from taxation, which it enjoyed under the rule at common law, so far as the naked value of the lands held for aqueduct purposes was concerned. The General Tax Law, however, changed the rule and destroyed all distinctions in the taxation of property, by providing that "All real property within this state, and all personal property * * * is taxable unless exempt from taxation," (sec. 3); which exemption was of "property of a municipal corporation of the state held for a public use, except the portion of such property not within the corporation." (Sec. 4.) But, when the legislature came to the enactment of the Greater New York charter, in 1897, it was moved to restore to the city such exemptions from taxation of its aqueduct properties, as it had, previously, enjoyed under special legislation. A few years later, it, again, was moved, upon further consideration, to withdraw the exemptions and to leave this municipal property, not within the corporation, exclusive only of the aqueduct, to be taxed as all other property was taxed within the

state. In 1901, it broadly authorized the assessment and taxation of lands in the counties, where they were located, "in the manner prescribed by law;" which was the equivalent of a command to follow the provisions of the General Tax Law, except so far as special local regulations might exist. Under the General Tax Law and by the general understanding, the term "lands," when used with reference to assessment for purposes of taxation, includes with the land, whether above or under water, all constructions, which have been erected upon, or affixed, thereto.

It may be observed that a clause added to the section, to the effect that nothing therein should " prevent the assessors in the county of Nassau from assessing the pumping stations and buildings," furthers the argument; because of the possible implication that, as they were essential adjuncts, or mechanical parts, of the aqueduct itself, they would, without especial legislative mention, have come within the exemption from taxation accorded to the aqueduct. I think it to be clear that the words of section 480 of the charter, prior to 1901, "at the value of the lands exclusive of the aqueduct and the constructions and works," etc., imply that, except for such language, the assessment of the land for taxation could, lawfully, have comprehended such structures. The change in language, when re-enacting the section, in later years, so as to exclude, only, the aqueducts, has a significance too obvious to be argued away by refinements of reasoning upon the applicability of the General Tax Law to the situation after the amendment.

There is neither injustice in this construction, nor any question of the legislative power. There is no reason why property acquired and used by the city of New York, outside of its territorial limits, should be exempted from taxation and that the burden upon other taxpayers of the counties should be made heavier. The legislature exercises a supreme power of taxation, which is unrestricted by other limits than are found in the Constitution of the state, and the courts are not concerned with the motives which influence legislative action.

To require that the properties of municipalities, not within the corporation, should be taxed, as by the enactment of the General Tax Law of 1896, which changed the exemption at common law, was as clearly within its power, as it was clearly wise and just.

I advise, therefore, that the order and judgment below should be affirmed, with costs.

BARTLETT, J. I agree, as this decision is in accordance with the letter of the statute. Justice requires that the land should be assessed where situated; not only the aqueduct but its appurtenances should be exempt. The legislature ought to amend the statute in the interest of the city of New York, as it is engaged in a work of great public necessity.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur with GRAY, J.

Order and judgment affirmed.