(121 App. Div. 44)

### PEOPLE v. NEFF.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

DISTRICT ATTORNEYS—ADDITIONAL COMPENSATION.

> Where the place of trial of a prosecution is changed from E. county, in which an indictment is found, to W. county, it is the duty of the district attorney of W. county to assist in the prosecution, so that he is not entitled to extra compensation therefor, though he is employed therefor by the district attorney, with the approval of the county judge of E. county.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, District and Prosecuting Attorneys, § 22.]
>
> Kruse and Robson, JJ., dissenting.

Appeal from Special Term, Wyoming County.

John W. Neff was convicted. From an order denying the application of John Knight, district attorney of Wyoming county, for a certificate fixing his compensation for assisting the district attorney of Erie county in the prosecution, said Knight appeals. Affirmed.

In January, 1906, the defendant was indicted and arraigned in the county of Erie for the crime of grand larceny in the first degree. In June of that year an order was granted changing the place of trial of the action to the county of Wyoming. Upon the application of the district attorney of Erie county, the employment of the appellant, with two others, to assist the said district attorney upon the trial of the action, was approved by the county judge of that county. The appellant, who is the district attorney of the county of Wyoming, rendered effective assistance preliminary to and upon the trial pursuant to said employment. Neff was convicted in August after a two weeks' trial. The appellant applied to the justice presiding at the trial for a certificate fixing his compensation, which was "refused upon the ground solely that the undersigned justice of the Supreme Court is without power to grant the same, for the rea-

son that the said John Knight at all times during the trial herein was the district attorney of the said county of Wyoming, and is entitled to no compensation herein other than the salary fixed for his office as such district attorney of Wyoming county by the board of supervisors of the said county of Wyoming."

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

John Knight, in pro. per.
George H. Kennedy, for Erie county.

SPRING, J. The district attorney is a constitutional officer. Article 10, § 1. There does not, however, seem to be any statute defining his general duties. The county law (Laws 1892, pp. 1785, 1786, c. 686, §§ 200–204, inclusive) provides for his election, term of office, etc., but does not prescribe his functions. In very general language, prior to the enactment of the county law, there had always been a general statement in some statute of the duties of the district attorney, as is shown in the opinion of the court below. The last of these enactments was repealed by the county law. People v. Lytle, 7 App. Div. 553, 40 N. Y. Supp. 153.

Where the place of trial of a criminal action is removed from the county where the indictment is found, there is no statute prescribing the district attorney who shall have charge of the action. There is no uniformity in the practice in other states. It depends generally upon statutory regulation. So far as I have been able to ascertain the practice prevailing in this state has been for the district attorney of the county in which the indictment was found to have general control of the trial. This would seem to be the most practicable, for he is familiar with the facts and the surroundings, and better equipped for that particular action than the like official of the county to which it has been transferred for trial. The present case well illustrates the wisdom of requiring the district attorney of the county where the indictment is found to retain control. The case was an important one, the facts complicated and voluminous, and the district attorney of Erie county was cognizant of them in all their details and ramifications, and was, therefore, better qualified to try the action than the like officer of Wyoming county, who was unfamiliar with these facts.

Section 204 of the county law, relied upon by the attorney for the county of Erie, gives some warrant for the position that the district attorney of the county of the trial is in control, although it was not passed to regulate this practice. If the question were squarely up for decision, we should be inclined to hold that the district attorney where the indictment is found continues in charge, wherever the trial is had. We are not necessarily called upon to determine that question upon this appeal. The district attorney of the county of Erie did assume to retain control of the case, and with the acquiescence of the district attorney of Wyoming county. He was employed by the district attorney of Erie county, and the only question for us to determine is whether he is entitled to compensation.

Of course, if his duty was to take charge, and he was to employ counsel when needed to the exclusion of the district attorney of Erie

county, he is not entitled to any compensation. If the district attorney of Erie county was in charge, it does not follow that the appellant is entitled to be paid for his services. When a criminal action is removed by order of the court to another county, the proper officials of that county are to assist in the trial or in its preparation. The sheriff and the county clerk do not abdicate their functions, but exercise them. The prosecution of any one indicted is of interest to the state, and the officials are at all times to be ready to perform services in the line of their duties to aid in the maintenance and the enforcement of the law. No extra compensation is allowed for the additional burden imposed, however exacting it may be. The district attorney is the official from time immemorial charged with the prosecution "for crimes and offenses cognizable" by the courts held in the county where he serves. He is an official designated in the Constitution, and without any statute defining his duties the prosecution of those under indictment and tried in his county, whether pursuant to order of the court or by virtue of original jurisdiction, is within the scope of his duties.

As the district attorney of the county where the indictment was found is more familiar with the facts and with any peculiarities important for a thorough preparation and presentation to the jury, so the like official in the county to which the trial has been removed knows better the jurors and any local tinge which may aid in the trial. They are both officially interested in the prosecution of persons indicted, and by courtesy should work in unison upon the trial. If the court should hold that the district attorney of the county to which a criminal trial is transferred is relieved from participation in the trial, it would result in an unfortunate relaxation of official responsibility. He would then be free to accept a retainer from the defendant. An official elected to prosecute persons indicted would appear before jurors of the county, not vindicating the majesty of the law, but, perhaps, abetting its violation. The duties of the district attorney and the official personally are ordinarily known to the people of the county, and it would be demoralizing in its effect for him one day to represent the people and the next the defendant in a criminal trial, or to pass from the grand jury room to the trial room and defend a person indicted.

On the other hand, it would be a vicious principle to establish that any official upon whom is cast additional duties is entitled to extra compensation for their performance. One who accepts public office with a salary attached must perform for the fixed recompense the duties within the radius of his service, even though largely augmented. If his duties diminish, he is entitled to the pay prescribed. If they are increased, he must perform them for the salary, even though inadequately paid. The Constitution prohibits extra compensation to any public officer (article 3, § 28), and the courts have uniformly resisted attempts to add to the fixed pay of officials on the plea that their duties have been enlarged far beyond those imposed at the time the service commenced. People v. Supervisors of N. Y., 1·Hill, 362, 367; Hatch v. Mann, 15 Wend. 44; Merzbach v. Mayor of N. Y., 163 N. Y. 16, 22, 57 N. E. 96; Reynolds v. City of Mt. Vernon, 26 App.

Div. 581, 50 N. Y. Supp. 473, affirmed 164 N. Y. 592, 58 N. E. 1091; Matter of Palmer, 21 App. Div. 180, 47 N. Y. Supp. 433, affirmed on opinion below 154 N. Y. 776, 49 N. E. 1101.

In People v. Supervisors, supra, the district attorney of New York was receiving an annual salary. He commenced a large number of civil actions on behalf of the county to recover fines and upon forfeited recognizances. He presented an account to the board of supervisors for extra compensation for his services in connection with these suits, which was substantially disallowed by the board. An alternative writ of mandamus was granted, to which a return was made, and upon review the determination of the board disallowing the claim was upheld. The court, in considering the right of the relator to compensation, used this language at page 366 et seq.:

"But, should it be conceded that the statute imposed a new and onerous duty upon the district attorney, it does not follow that he is entitled to any additional compensation on that account. By charging the attorney with the duty of suing for fines, without making provision for the payment of costs, the Legislature has, in effect, declared that the salary of the officer is to be deemed the compensation for these, as well as for other services. It is impossible for a salary officer to make title to an increased compensation on the sole ground that a new duty has been cast upon him by the Legislature. There are few state officers, whether executive or judicial, who have not often been charged with new duties, and yet no one has, I presume, ever thought that this gave him a legal title to increased compensation. Whether the pay shall be increased with the burden is a question which addresses itself to the Legislature. The courts have nothing to do with it."

The appellant rendered valuable services, and undoubtedly he and the district attorney of Erie county expected he should be fairly compensated therefor. The services were in the trial of a criminal action in his own county, and the responsibility for work of that kind is upon him (People ex rel. Gardenier v. Supervisors, 134 N. Y. 1, 5, 31 N. E. 322); and for that reason he is not entitled to extra compensation, onerous as the duties may have been. The order should be affirmed.

Order affirmed. All concur, except KRUSE and ROBSON, JJ., who dissent on the ground that the duty of prosecuting the indictment remained with the district attorney of Erie county, and did not devolve upon the district attorney of Wyoming county, and that the services rendered by the district attorney of Wyoming county were outside of his official duties, and under the employment by the district attorney, and approval thereof by the county judge of Erie county, he is entitled to reasonable compensation therefor.