### In re BERNARDI, City Treasurer.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

MUNICIPAL CORPORATIONS (§ 162*)—CITIES OF THE SECOND CLASS—FEES FOR ISSUING HUNTING LICENSES—RIGHT OF CLERKS THERETO.

　　Laws 1906, p. 1136, c. 473, § 17, provides that no officer of a city of the second class, except officers enumerated, but not including the clerk, shall receive to his use any fees for services pertaining to his office, in addi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion to his salary, and that all such fees shall be the property of the city. Section 32 requires a clerk to have the custody of the city seal, and perform duties specifically mentioned, and "discharge such other duties as may be prescribed by law or ordinance." *Held*, that the duty of a clerk in issuing hunting licenses under section 104 of the forest, fish, and game law (Laws 1908, p. 336, c. 130), which requires the licenses to bear the city seal and be countersigned by the clerk, partakes of a distinctly municipal character, so far as he is required to use the seal, and the fees received by a salaried clerk for his services in issuing such licenses must be paid into the city treasury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 162.*]

Appeal from Special Term, Schenectady County.

Application by Joseph H. Bernardi, as Treasurer of the City of Schenectady, for a peremptory writ of mandamus against Frank L. Fonda, City Clerk of the City of Schenectady, requiring defendant to pay into the city treasury fees received by him for issuing hunting licenses under section 104 of the forest, fish, and game law (Laws 1908, p. 336, c. 130). The motion for the writ was denied, and the Treasurer appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William P. Nolan, Corp. Counsel, for appellant.

Jacob W. Clute (Daniel Naylon, Jr., of counsel), for respondent.

COCHRANE, J. The question in controversy is whether the city clerk of the city of Schenectady may retain for his own use the clerk's fees received by him for issuing licenses under section 104 of the forest, fish, and game law (chapter 130, p. 336, of the Laws of 1908), or whether such fees must be paid by him into the city treasury. Said section 104 provides that no person shall use a gun for hunting, except as provided in the act, without first having procured a license from any county, city, or town clerk, which said license shall bear the signature of the forest, fish, and game commissioner, "and the seal of the county, city, or town in which the same is issued, and be countersigned by the said clerk." The applicant for the license, if a nonresident of the state, an unnaturalized person, or an alien, shall pay the sum of 50 cents as a fee to the clerk, and if a resident of the state shall pay to the clerk the fee of 10 cents for issuing the license. The respondent herein has received for issuing such licenses $91.20, and claims to hold the same for his own use.

The uniform charter of cities of the second class (chapter 473, p. 1136, of the Laws of 1906), applicable to the city of Schenectady, in section 17 thereof reads as follows:

"No officer of the city, except corporation counsel, a justice of a city court, acting as clerk of said court, city marshal, marshal of a city or municipal court, commissioners of deeds and city officers acting as commissioners of deeds, shall have or receive to his use any perquisites, compensation or fees for services pertaining directly or indirectly, or which may hereafter be added to the duties of his office, in addition to his salary; and all perquisites, compensation and fees paid to and received by any such officer for services pertaining directly or indirectly, or which may hereafter be added to the duties

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of his office, other than his salary received from the city, shall be the property of the city, and shall be paid by the officer receiving the same into the city treasury."

The duties of the city clerk are declared by section 32 of said uniform charter. He is required to have the custody of the city seal and to perform such duties as are there specifically mentioned and "discharge such other duties as may be prescribed by law or ordinance." The city clerk in this instance receives an annual salary of $2,000, and his deputy an annual salary of $1,400.

This case cannot be distinguished in principle from Matter of Palmer, 21 App. Div. 180, 47 N. Y. Supp. 433. There the question arose as to whether the city clerk of Brooklyn was entitled to retain for his own use fees for issuing the certificates to be used in naturalization proceedings under chapter 927, p. 742, of the Laws of 1895, entitled "An act concerning naturalization and regulating the procedure in cases of naturalization in courts of this state." It was said in the opinion in that case:

"The question is whether this money should go into the city treasury, or be retained by the city clerk as a perquisite of his office. In his behalf it is contended that the services, pursuant to the naturalization act, for which the fees were paid to him, did not come within those for which his salary was provided, but that such service was other and beyond that of his relation of clerk to the city. While it is true that the proceedings for the admission of aliens to citizenship of the United States is not the business of the city, as distinguished from the state, the part taken in the proceedings by the person having the relation of city clerk is that of such clerk, as has been seen by the reference made to the statute on the subject. * * * It is, however, urged by the learned counsel for the defendant that inasmuch as the statutory provisions under which the certificates were issued by him were no part of the city charter, but were applicable to proceedings in all parts of the state, his services in that respect were not performed for the city, but in his relation of agency to the state, and therefore those fees received by him are not due to the city treasury. They were, nevertheless, received by the defendant because he was city clerk, and for service required of the city clerk by statute, and, having performed the service in that capacity, it is difficult to see that he could receive the fees in any other character. He is given a salary for all his service performed by him as city clerk, and he is expressly denied the right to receive for his own use any fees or compensation paid to him in his official capacity. In view of the fact that he is directed and permitted by the statute to receive the fees in question for his services as city clerk, he cannot as such clerk assume the character and relation of agency to another in discharge of a duty by services which can be performed by him only as city clerk. It would therefore seem that the services are not distinguishable as his from those which come within the express purpose for which the salary was provided."

That case was affirmed by the Court of Appeals on the opinion below. 154 N. Y. 776, 49 N. E. 1101.

What was so well said in the Palmer Case is equally applicable here and forecloses further discussion. The duties of the city clerk in that case, for which he sought to retain the extra compensation, were no more disconnected from and foreign to the functions of the municipal government than are the duties for which the respondent in this case seeks to retain the fees in question, and in this case the seal of the city is required to be used, so that to that extent, at least, the duty imposed on the clerk partakes of a distinctly municipal character.

The case of People ex rel. Williams v. County Court of Monroe County, 105 App. Div. 1, 93 N. Y. Supp. 452, relied on by respondent, has no application. It is only necessary to point out one material distinction. The amount sought to be retained in that case by the city treasurer was fixed by the common council, pursuant to statute, not merely for his services, but also for the services of a clerical assistant to be employed by him. That statute made it the duty of the common council to fix the sum to be paid annually to the treasurer for his services in connection with the construction of a sewer and also for clerical hire. The council had no power to apportion this sum between the treasurer and his clerk. It was clearly the intent of the statute in that case that the treasurer should retain for his own use the compensation fixed by the common council, except such amount as he might deem necessary to pay for clerical assistance to be procured by himself.

In People v. Neff, 121 App. Div. 44, 105 N. Y. Supp. 559, it is said:

"The Constitution (article 3, § 28) prohibits extra compensation to any public officer, and the courts have uniformly resisted attempts to add to the fixed pay of officials on the plea that their duties have been enlarged far beyond those imposed at the time the service commenced. People v. Supervisors of N. Y., 1 Hill, 362, 367; Hatch v. Mann, 15 Wend. 44; Merzbach v. Mayor, etc., of N. Y., 163 N. Y. 16, 22, 57 N. E. 96; Reynolds v. City of Mt. Vernon, 26 App. Div. 581, 50 N. Y. Supp. 473, affirmed 164 N. Y. 592, 58 N. E. 1091; Matter of Palmer, 21 App. Div. 180, 47 N. Y. Supp. 433, affirmed on opinion below 154 N. Y. 776, 49 N. E. 1101."

The order must be reversed, with costs, and the application granted, with $50 costs. All concur.