(75 Misc. Rep. 139.)

PEOPLE ex rel. CITY OF NEW YORK v. JANSEN et al., Assessors.

(Supreme Court, Special Term, Rensselaer County. January, 1912.)

TAXATION (§ 173*)—STATUTORY PROVISIONS—REPEAL.

　　Special laws as to the taxation of the property of the city of New York lying outside its corporate limits were repealed by implication by the General Tax Law of 1909 (Consol. Laws 1909, c. 60).

　　[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 173.*]

Certiorari by the People, on the relation of the City of New York, against Charles H. Jansen and others, as Assessors of the Town of Shawangunk. Dismissed.

Archibald R. Watson, Corp. Counsel (Wm. McM. Speer and A. S. Barnes, of counsel), for relator.

A. H. Van Buren, for defendants.

HOWARD, J. I cannot reconcile Parker v. Elmira, C. & N. R Co., 165 N. Y. 274, 59 N. E. 81, cited by the relator, with Pratt Institute v. City of New York, 183 N. Y. 151, 75 N. E. 1119, 5 Ann. Cas. 198, cited by the defendants. In both of these cases decided by the Court of Appeals the question arose whether a subsequent general statute repeals, by implication, a prior special statute. In each case the subsequent general law was a revision of prior laws. The reasoning employed and the canons of construction adopted in either case would lead one to agree with the conclusion there arrived at, if his attention were not directed to the other case.

In the first case these enunciations are made:

"There is no express repeal of the statute, and a repeal by implication is not to be favored. The general rule of construction in such cases is that a special statute, providing for a particular case, or applicable to a particular locality, is not repealed by a general statute, unless the intent to repeal or alter the special law is manifest, although the terms of the general law would, taken strictly, and but for the special law, include the case or cases provided for by it.

"When by any reasonable or fair construction two such enactments can be made to work together, and each can be made to accomplish a different and independent result, a special or local statute will not be affected by a subsequent general law relating to the same subject.

"When the subsequent general law is a revision of the prior laws, as in this case, the implication of a repeal may be stronger; but here there is affirmative evidence on the face of the general law to show that no repeal was intended. There was attached to the general law, as originally enacted (Laws of 1890, c. 565), a schedule of all laws or parts of laws repealed, covering a period of over 50 years, and although that schedule enumerates two other statutes passed in the same year as the private and local act in question, no reference was made to that act or any part of it. This is a very clear indication of the purpose of the lawmakers to allow it to remain intact."

In the second case these enunciations are made:

"A codifying act is presumed to exhaust the subject to which it relates, unless a different intention appears on the face of the statute, or is an irresistible inference from special circumstances. The new enactment is substituted in the place of all statutes previously existing and becomes the sole rule of action.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Revision of statutes implies a re-examination of them. The word is applied to a restatement of the law in a corrected or improved form. The restatement may be with or without material change. A revision is intended to take the place of the law as previously formulated. By adopting it the Legislature say the same thing, in effect, as when a particular section is amended by the words 'so as to read as follows.' The revision is a substitute; it displaces and repeals the former law as it stood relating to the subjects within its purview.

"While repeals by implication are not favored, it is well settled that where two acts are not in all respects repugnant, if the later act covers the whole subject of the earlier and embraces new provisions which plainly show that it was intended as a substitute for the first, it will operate as a repeal.

"It is settled that, without express words of repeal, a previous statute will be held to be modified by a subsequent one, if the latter was plainly intended to cover the whole subject embraced by both and to prescribe the only rules in respect to that subject that are to govern.

"A subsequent statute, revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law as well as in reason and common sense, operate to repeal the former.

"If a revising statute embraces all the provisions of antecedent laws on the same subject and reduces them to one system, such statute virtually repeals the statutes revised without any expression to that effect, and though there is no repugnancy between them."

The law concerning repeal by implication is unsettled and uncertain. I favor the reasoning which opposes repeal by implication, especially in cases of revision and codification, where all the laws on the subject are supposed to have been reviewed and where an express repeal can be made if repeal is intended. But in City of New York v. Mitchell, 183 N. Y. 245, 76 N. E. 18, the court reaches the sweeping conclusion, without reasoning upon it, that the General Tax Law of 1896 (Laws 1896, c. 908) repeals by implication all the special laws concerning the taxation of the property of the city of New York outside the city limits. Persuaded by this decision (and being bound by it, if it is the law), and also because it deals with the precise subject before me, and in view of the fact that Parker v. Elmira, supra, concerns railroad laws, whereas the Pratt Institute Case treats of the tax laws and is the more recent of the two, I have decided, in choosing between these two cases, to adopt the doctrine of the latter case in interpreting these statutes. Perhaps I have chosen wrong.

This choice forces me to determine that the General Tax Law of 1909, repealed, by implication, all prior special laws relating to the taxation of the property of the city of New York lying outside its corporate limits. Having so resolved, no further discussion is necessary, and it follows that the writ must be dismissed.

Writ dismissed.