(158 Misc. Rep. 319.)

PEOPLE ex rel. CITY OF NEW YORK v. DEYO et al., Board of Assessors.

(Supreme Court, Appellate Division, Third Department.  September 10, 1913.)

1. MUNICIPAL CORPORATIONS (§ 958*)—TAXATION—PROPERTY SUBJECT—STATU-
TORY PROVISIONS.

Greater New York Charter (Laws 1901, c. 466) § 480, providing that
lands taken for furnishing a water supply to the city shall be assessed
and taxed in the counties in which they are located "exclusive of the
aqueducts," was not repealed by Laws 1905, c. 598, providing that all
lands in Ulster county, thereafter acquired by the city of New York for
the purpose of furnishing a supply of water for such city, shall be as-
sessed and taxed in the towns where situated in the same manner as
other real property owned by persons and individuals in such town, or
by chapter 724, authorizing the acquisition by the city of New York of
lands or interest therein for the construction of reservoirs, dams, aque-
ducts, etc., for the purpose of supplying an additional supply of pure and
wholesome water for such city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
2023–2037; Dec. Dig. § 958.*]

2. MUNICIPAL CORPORATIONS (§ 958*)—TAXATION—PROPERTY SUBJECT—CON-
STITUTIONAL PROVISIONS—"GENERAL LAW"—"GENERAL CITY LAW"—"SPE-
CIAL CITY LAW."

Greater New York Charter (Laws 1901, c. 466) § 480, providing that
lands taken for constructions necessary for furnishing a water supply to
such city shall be assessed and taxed in the counties in which they are
located in the manner prescribed by law, "exclusive of the aqueducts,"
was not repealed by the provision of Tax Law 1909 that property of a
municipal corporation situated outside its corporate limits shall be subject
to taxation, in view of Laws 1909, c. 596, § 1, providing that all special
laws in force at the time of the enactment of the consolidated laws shall
be of the same force as they were before such enactment, and Const. art.
12, § 2, providing that laws relating to the property, affairs, or govern-
ment of cities are divided into general and special city laws, "general city
laws" being those which relate to all cities of one or more classes, and
"special city laws" those which relate to a single city, or less than all
the cities of a class, since the New York Charter, although a public law,
is not a "general law," which is one that operates throughout the state
upon all the people or upon all of a class.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
2023–2037;  Dec. Dig. § 958.*

For other definitions, see Words and Phrases, vol. 4, pp. 3065–3071;
vol. 8, pp. 7669, 7670.]

3. MUNICIPAL CORPORATIONS (§ 967*)—TAXATION—PROPERTY SUBJECT—MU-
NICIPAL PROPERTY.

Where an aqueduct owned by a city and used to supply it with water
was exempt from taxation, a discharge pipe or blow-off, through which
the water in the aqueduct might be drawn off and discharged into a
creek, if it constituted an essential part of the aqueduct and was neces-
sary to its operation, was also exempt.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
2062–2067;  Dec. Dig. § 967.*]

Appeal from Special Term, Ulster County.

Certiorari by the People, on relation of the City of New York,
against Abraham Deyo and others, constituting the Board of Asses-
sors of the Town of Gardiner, Ulster County.  From an order dis-

missing the writ, the relator appeals.  Reversed, and assessment of relator stricken from the roll.

Argued before SMITH, P. J., and KELLOGG, LYON, and WOODWARD, JJ.

Archibald R. Watson, of New York City, for appellant.

Hector Sears, of Gardiner (Augustus H. Van Buren, of Kingston, of counsel), for respondents.

LYON, J.  The important question at issue upon this appeal is whether the aqueduct constructed by the city of New York, to convey water from the Ashokan reservoir in the county of Ulster to the city of New York, is exempt from taxation.  Pursuant to the provisions of chapter 724 of the Laws of 1905, said city has acquired title to a continuous strip of land extending from said reservoir to said city. The portion thereof extending through the town of Gardiner, Ulster county, is about 200 feet wide and 7 miles long, and contains about 160 acres.  Throughout the length of the strip in said town said city has laid a concrete tube or aqueduct, upwards of 17 feet inside di-. ameter, through which the water is to be conveyed.  The city has also acquired title to about 28 acres of adjoining land, upon which it has constructed a concrete tube about 7 feet in diameter, leading from the aqueduct to Walkill creek, termed a blow-off, through which the water in the aqueduct may be drawn off and discharged into the creek. Upon both said strip and parcel of land are other structures erected by the city, the nature of which is not disclosed, and is perhaps immaterial upon this appeal.  The respondents assessed said strip and parcel of land at $61,000, and in their return to the writ of certiorari state that in determining the value thereof they considered the cost and value of the aqueduct, blow-off and buildings, and the uses for which they were designed, but did not fix a separate value upon either, but considered them with and as a part of the entire property, and fixed the value of the land accordingly.  The matter was submitted to the Special Term, upon the petition and return.  The court dismissed the writ upon the ground that the aqueduct and blow-off were taxable.  This we think was error.

[1] Section 480 of the Greater New York Charter (chapter 466, Laws of 1901), provided that lands theretofore taken or to be taken for constructions, necessary for furnishing a water supply to the city—

"shall be assessed and taxed in the counties in which they are or may be located, in the manner prescribed by law, exclusive of the aqueducts."

The respondents contend that this provision was repealed by chapters 598 and 724 of the Laws of 1905, and also by the General Tax Law (Consol. Laws, c. 60, Laws 1909, c. 62).  Neither act expressly repeals the provision in question, nor can either be said to repeal it by implication.

[2] Furthermore, the acts of 1905 were special acts.  The general tax law of 1909 provided that all the property of a municipal corporation situated outside the corporate limit should be subject to taxation.  Respondent's counsel cite, as authority for their contention that

the provision above cited of section 480 of the Greater New York Charter was repealed by implication by the General Tax Law, the Matter of City of New York v. Mitchell, 183 N. Y. 245, 76 N. E. 18. In that case the court reviewed the various statutes from 1840 to and including chapter 466, § 480, of the Laws of 1901, relating to exemption from taxation of the city of New York, for property belonging to it situate outside the municipal limits, and held that the General Tax Law of 1896 (Laws 1896, c. 908) took away the exemption which had theretofore existed in favor of said city as to such property; that in 1897 (chapter 378), the Legislature restored to the city such exemption from taxation as it had previously enjoyed, under special legislation, and that by chapter 466 of the Laws of 1901 it withdrew the exemptions, and left the municipal property not within the corporation subject to assessment and taxation, exclusive only of the aqueducts. Section 1 of Chapter 596 of the Laws of 1909, provided that:

"All special laws in force at the time of the enactment of such consolidated laws, shall be of the same force and effect as they were before the enactment of such consolidated laws."

However, the respondent contends that the Greater New York Charter is not a special law, but was a public act, and hence was not saved by the provision above quoted, apparently assuming that the terms "general law" and "public law" are synonymous. Such, however, is not always the case. While a general law is necessarily a public law, every public law is not necessarily a general law. A general law operates throughout the state upon all the people, or upon all of a class, and while the application of an act which is restricted to a single municipality, as the Greater New York Charter, is a special law, a special law may be, and frequently is, by the act itself made a public law, and thereby becomes an act which need not be specifically pleaded, and of which the court takes judicial notice, but which does not thereby become a general law.

Section 2 of article 12 of the state Constitution provides that:

"Laws relating to the property, affairs or government of cities, and the several departments thereof, are divided into general and special city laws; general city laws are those which relate to all the cities of one or more classes; special city laws are those which relate to a single city, or to less than all the cities of a class."

[3] We conclude that the portion of the Greater New York Charter of 1901 which excluded the aqueduct from assessment and taxation has not been repealed, and that the respondents should not have taken the aqueduct into consideration in fixing the assessment. As to the discharge pipe, termed the blow-off, the record is devoid of evidence as to its nature; but, if the same constitutes an essential part of the aqueduct, and was necessary to its operation, it would seem to be a part of the aqueduct and exempt from taxation and assessment.

The order of the Special Term should be reversed, and the said assessment of the relator stricken from the roll as illegal, with costs to the relator. All concur.