In the Matter of the Application of FRANK L. McCABE, Petitioner, for an Order of Peremptory Mandamus against FRANK R. AULLS, as Treasurer of the County of Steuben, Defendant.

Supreme Court, Steuben Special Term, July 14, 1924.

**Public officers — fees — mandamus to compel payment by treasurer of Steuben county of fees allowed by Highway Law, § 283-a (as added by Laws of 1921, chap. 580), for registration of motor vehicles — office of county clerk of Steuben county is salaried office under special act (Laws of 1890, chap. 323) — fees collected by county clerk of Steuben county for registration of motor vehicles belong to county of Steuben — application denied.**

Application by a former county clerk of Steuben county for a peremptory order of mandamus to compel the payment by the treasurer of said county of fees for the registration of motor vehicles, during his incumbency in office, allowed by section 283-a of the Highway Law (as added by Laws of 1921, chap. 580) which provides that " each county clerk shall be entitled to a fee of ten cents * * *," should be denied where it appears that under a special act (Laws of 1890, chap. 323) the office of county clerk of Steuben county is a salaried office; that sections 2 and 3 of said act provide that the clerk of Steuben county shall perform all services required by law by reason of his holding such office for the state and county, and that all fees received for the performance of such duties shall belong to the county of Steuben.

MOTION on behalf of the county clerk of Steuben county for a peremptory order of mandamus directing the treasurer of said county to pay to said clerk the fees allowed by law for the registration of motor vehicles and motorcycles.

*James McCall,* for the petitioner.

*James Flaherty,* for the county treasurer.

STEPHENS, J. The above-named petitioner was county clerk of the county of Steuben from April 11, 1923, until and including December thirty-first following, having been appointed to fill the vacancy in the office occasioned by the death of his predecessor.

By chapter 323 of the Laws of 1890 the office of county clerk of Steuben county was made a salaried one. The petitioner, however, claims to be personally entitled to the fees allowed to county clerks by section 283-a of the Highway Law (as added by Laws of 1921, chap. 580) for the registration of motor vehicles and motorcycles. During his incumbency he issued 8,959 certificates of registration and paid the registration fees therefor to the state tax commission. He made a demand upon the county treasurer to be paid, from the proportion of the funds returned to the treasurer for highway pur-

poses (Highway Law, § 291), the sum of ten cents for each license issued, aggregating $895.90, and the demand having been refused, he asks that an order of peremptory mandamus issue to compel the payment.

The precise question presented for determination is whether the fee of ten cents, allowed by section 283-a of the Highway Law, belongs to the county clerk or to the county of Steuben. The answer to it necessarily involves an interpretation of the total effect of the statute making the office of the county clerk a salaried one and of the provisions of the Highway Law.

Chapter 323 of the Laws of 1890, which relates solely to the Steuben county clerk, provides in section 2 that " It shall be the duty of said clerk to perform all services which he is or shall be required or authorized by law to perform by virtue of or by reason of his holding such office, for the state, for the county, and for individuals, including his duties as clerk of every court of which he is or shall be clerk, and no compensation, payment or allowance shall be made to him for his own use for any such services except the salary aforesaid," referring to the annual salary of $1,800 as specified in section 1. Section 3 provides that "All the fees, emoluments and perquisites which such clerk shall charge or receive, or which he shall legally be authorized, required or entitled by law to charge or to receive, shall belong to the county of Steuben."

The statute made it the duty of the clerk to collect the full amount allowed by law for all such fees, with exceptions not pertinent here, to keep an exact account of all official services performed and of all money received by him or his assistants and to render each month a full and true statement of all the moneys received each day during the preceding month to the county treasurer and at the same time to pay to said treasurer the whole amount of the moneys so received by him since the last preceding statement.

By chapter 90 of the Laws of 1921, as amended by chapter 443 of the Laws of 1921, the jurisdiction theretofore exercised by the secretary of state under articles 11 and 11-A of the Highway Law, was vested in the state tax commission, and the Highway Law was brought in harmony with this change by the Laws of 1921, chapter 580. By this later act a new section was inserted in the Highway Law (283-a): " The clerk of each county * * * shall act as the agent of the tax commission in the issuance of number plates for passenger and commercial cars, and such other plates and badges as the state tax commission may direct." The clerk was required to remit to the tax commission daily all fees collected by him, with a record of registrations made and licenses issued during the day. It was further enacted: " Each county clerk shall be entitled to a

fee of ten cents for each registration or license issued, which shall be paid by the county treasurer from the portion of the motor vehicle registration or license money returned by the state to the county."

If the petitioner be entitled to the relief that he seeks, it is by virtue of the paragraph last above quoted from the Highway Law. To accomplish that result it must be effectual to create a right in the county clerk to the prescribed fee notwithstanding the plain provisions of the earlier local statute that placed the clerk of Steuben county upon an annual salary.

The quest is, then, for the legislative intent. This adventure requires us to pierce all disguises of verbal expression and go straight to the purpose of the lawmakers, aided, it is true, by formulated rules when they serve, bound by no rule that hinders the discovery of the rational genuine intent of the legislature. To adopt the phrase in *Riggs* v. *Palmer*, 115 N. Y. 506, 509, " It is a familiar canon of construction that a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute, unless it be within the intention of the makers." *Archer* v. *Equitable Life Assurance Soc.*, 218 N. Y. 18.

The Highway Law contains the latest legislative expression and it is argued, therefore, that the intent of the legislature is determined by that circumstance. This is not an invariable rule and, like all other rules of interpretation, must yield to one or another formula that promises a surer guide to the legislative mind. The later statute operates to repeal by implication an earlier one only when very clear and definite reasons can be assigned for giving it such an effect. " If the two statutes on any reasonable construction can stand together and if the later enactment has scope to operate and an apparent purpose of its own without working a repeal of the earlier provision, both must be upheld and harmonized." *Matter of the Administration of Curser*, 89 N. Y. 401.

I am inclined to apply another rule; that is, that a general statute does not repeal by implication an earlier local or special one. *McKenna* v. *Edmundstone*, 91 N. Y. 231; *Matter of City of New York* v. *Deyo*, 158 App. Div. 319; affd., 213 N. Y. 706. This rule, too, must sometimes surrender in the presence of an otherwise discoverable intent of the lawmakers to accomplish the abrogation of the local or special enactment. *Matter of Dobson*, 146 N. Y. 357; *People ex rel. Fleming* v. *Dalton*, 158 id. 175.

In *Castleton* v. *Town of Vienna*, 163 N. Y. 368, 373, it was held that a special law is not repealed by a general law even though the latter contain the clause that all acts or parts of acts inconsistent with it are repealed, the court saying " it is common to put it in all general

acts by way of greater caution." *Davis* v. *Supreme Lodge, etc.,* 165 N. Y. 159.

There are instances, I refer to but one, where the legislature, in prescribing fees for county clerks, had expressly in mind that some clerks were salaried and others were still under the fee system, and it was definitely stated in the law that where the office was a salaried one, the county clerk should pay over the sum retained by him as fees to the officer to whom fees of such county clerk are required by law to be paid. Executive Law (Laws of 1909, chap. 240), § 104.

The effect, however, of the express declaration as to the ownership of fees received from notaries by the county clerk in the Executive Law, and its absence from section 283-a of the Highway Law, operative during the petitioner's incumbency of the office of county clerk, loses much of its significance in the presence of other laws prescribing fees without specifically designating the ownership of them, but which by common agreement belong to the county.

The language of said section 283-a (as added by Laws of 1921, chap. 580), "Each county clerk shall be entitled to a fee of ten cents * * *," is not essentially variant from that of section 1554 of the Civil Practice Act which preserves the language of its predecessor, "A county clerk is entitled for the services specified in this section * * * to the following fees to be paid in advance * * *," and there is no reason why the two statutes should receive a variant construction in respect to the ownership of the fees.

I am of the opinion, therefore, that the legislature did not intend that the fees collected by the county clerk for registering motor vehicles should belong to the clerk but that their ownership should be governed by the laws that determine to whom the other fees collected by the clerk belong.

This conclusion is fortified by other circumstances yet to be mentioned.

Section 283-a of the Highway Law was amended by chapter 360 of the Laws of 1924, and the doubt that has given rise to this proceeding has been dissipated. Now, if the office of county clerk be not salaried, the sum deducted for registration fees shall belong to the clerk as compensation for his services from which he shall pay all expenses, but if the office is a salaried one, such fees belong to the county. Chapter 364 of the Laws of 1924 authorized an increase in the salaries of county clerks because of the added duties imposed by the Highway Law, any general or special law to the contrary notwithstanding.

What further light then does this situation throw upon the intent of the lawmakers? Did the amendment of 1924 to section 283-a

of the Highway Law change the law as it formerly existed or was it a more complete declaration of what the legislature intended in the earlier statute? It may, perhaps, be plausibly argued that the law was changed or that it was not changed.

The condition is quite similar, if not identical in principle to what we find in *People* v. *Ganly,* 170 App. Div. 702; affd., 218 N. Y. 749, where it was held that the later act was passed for the purpose of carrying out the intent of the earlier one.

The obvious answer to the suggestion that since the county clerk was the agent of the tax commission and, therefore, of the state, the registration of vehicles was work done for the state and not for the county, is that the Steuben county act expressly provided that the clerk shall perform all services required by law to be performed for the state, as well as for the county and individuals and no compensation shall be made to him for any such services for his own use except his annual salary; and further, the new enactment in 1924 permitting the supervisors to increase the salary because of the added work indicates that it was not the intent to compensate clerks who were on a salary by fees, but that their full measure of compensation should be supplied by the county in the annual salary.

Reasons additional to those already suggested might be stated in support of this conclusion, and, at the risk of unduly prolonging the discussion, a few of them may be mentioned. A different conclusion would bring back in some measure the conditions that induced the abolition of the fee system and substituting in place of fees a fixed salary as compensation to county clerks. The clerks of all the counties of the state are not salaried officials. The statute giving a registration fee has, therefore, a field for its operation, though a restricted one, in those counties where the fee system still prevails. The statute does not, in terms, require the clerk to bear the expense incident to registration, though the amendment of 1924 directs that the unsalaried clerk shall do so.

The judicial construction of the Constitution and of statutes is often aided by the way they are understood by those whose business it is to operate under them. It was not made to appear in what way the clerks of other counties have interpreted the statute but it may be permissible to act on the common or easily acquired knowledge that in the more populous counties, at any rate, the fees are conceded to belong to the county. *City of New York* v. *New York City Ry. Co.,* 193 N. Y. 543; *Grimmer* v. *Tenement House Dept., etc.,* 205 id. 549; *People ex rel. Cotte* v. *Gilbert,* 226 id. 103.

The relator depends with confidence upon *County of Montgomery* v. *Vosburgh,* 74 Misc. Rep. 562; *People ex rel. Williams* v. *County*

*Court of Monroe County,* 105 App. Div. 1; *Merzbach* v. *Mayor, etc., of New York City,* 163 N. Y. 16.

The *County of Montgomery* case is not a controlling authority even if it be conceded that the statutes and facts under review there were essentially the same as those here. In the *Williams* case it was held that the general statute, the White charter, so called, of second-class cities, was not effective to repeal the earlier local statute relating to the treasurer of the city of Rochester. The services imposed upon him, for which compensation was given in the special act additional to his salary as treasurer, were rendered not solely on behalf of the city but also on behalf of an adjacent town. From the amount fixed by the common council of the city that he was to receive he was obliged to pay the clerk hire incident to the added duties; nor was the expense for service and clerical help chargeable to the city but to the fund collected upon assessments levied on property in the city and town. The city was neither impoverished by payment nor enriched by non-payment. Another distinction is mentioned in *Matter of Bernardi,* 133 App. Div. 510, where conditions not alien to our problem were the subject of judicial inquiry. *Merzbach* v. *Mayor* held merely that there was no incompatability between the office of messenger or librarian in the office of the district attorney of the city and county of New York and that of notary public, and that the plaintiff was entitled to the emoluments of both offices and could recover notarial fees for services rendered at the request of the district attorney.

The services rendered by the county clerk of Steuben county pursuant to the Highway Law were confined to the territorial limits of the county. They were performed at the expense, directly or indirectly, of the county whether performed by the county clerk himself or by subordinates paid by the county, and the fees, if paid to the clerk, diminished the county funds.

The counsel for the defendant cites a line of cases in which the ownership of fees received by salaried public officials was denied to the recipients. Some of these I cite to support my conclusion without a critical examination of the statutes under which the fees were prescribed and received by the officials. *Matter of Palmer,* 21 App. Div. 180; affd., 154 N. Y. 776; *Board of Supervisors* v. *Allen,* 99 id. 532; *Board of Supervisors* v. *Jones,* 119 id. 339; *People ex rel. Conine* v. *County of Steuben,* 183 id. 114; *Cowan* v. *Mayor, etc., of New York,* 3 Hun, 632; *City of Poughkeepsie* v. *Wiltsie,* 36 id. 270.

The application is denied. The question being a novel one, costs are not awarded.

Ordered accordingly.