(82 Misc. Rep. 624.)

PEOPLE ex rel. MELENBACKER v. HUBBELL, Town Highway Sup'r.

(Supreme Court, Trial Term, Cattaraugus County. November, 1913.)

1. MANDAMUS (§ 168*)—BURDEN OF PROOF.

In mandamus to compel a town superintendent of highways to annul a certificate whereby he qualifiedly undertook to abandon a certain highway on the ground that it was so little traveled, as provided by Highway Law (Consol. Laws 1909, c. 25) § 234, relator denying the statement of the certificate had the burden of proof.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 372–374; Dec. Dig. § 168.*]

2. EVIDENCE (§ 83*)—PRESUMPTIONS—PERFORMANCE OF OFFICIAL DUTY.

Acts of public officers are presumed to be valid and binding, and within and pursuant to the authority conferred upon them by law.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. § 83.*]

Mandamus by the People, on the relation of Jacob D. Melenbacker, against De Witt Hubbell, as Town Superintendent of Highways of the Town of Salamanca. Alternative writ dismissed for want of proof.

John J. Inman, of Salamanca, for relator.
Dowd & Quigley, of Salamanca, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WHEELER, J. The defendant is superintendent of highways of the town of Salamanca, N. Y. On May 15, 1912, as superintendent, he filed with the town clerk of the town of Salamanca the following certificate:

"To Whom it may Concern:

"This is to certify: That it appearing to me, De Witt Hubbell, the duly qualified and acting town superintendent of highways of the town of Salamanca, county of Cattaraugus and state of New York, that for two years last passed, the following described highway has not been usually traveled along the greater part thereof by more than two vehicles daily, exclusive of pedestrians and persons on horseback, I do hereby declare, as such town superintendent of highways for said town of Salamanca, that so much of said highway as is hereinafter described is qualifiedly abandoned.

"The highway is described as follows: All that part or portion of a highway in said town of Salamanca, better known as the Newton Run road, commencing where the north line of property owned by Mrs. Charles Fee intersects said Newton Run road, and thence running in a northerly direction along said highway to the town line of Salamanca.

"Dated this 15th day of May, 1912.

"De Witt E. Hubbell, Salamanca Town Superintendent of Highways."

On October 1, 1912, upon the petition of the relator, an alternative writ of mandamus was granted, and the defendant later made his return to said writ.

The petition in substance controverts the statements of the certificate, and alleges that the road in question, through the greater portion of said highway, had been traveled by more than two vehicles daily, exclusive of pedestrians and persons on horseback, for two years prior to May 15, 1912, and that defendant had unlawfully, illegally, and without jurisdiction made the certificate in question, and illegally abandoned the highway. The petitioner therefore asked for a writ of mandamus to compel the cancellation of the certificate and the working of the highway. The defendant answered and filed his return, admitting the making of the certificate, and in substance alleging the truth of the statements contained in the same, to the effect that the highway in question had not been traveled for more than two years by vehicles, and denying that the highway had been illegally or improperly closed. Thereupon an alternative writ of mandamus was granted, and the issue so framed came on before us for trial. The relator offered no evidence on his part to sustain the allegations of his petition. The defendant offered none on his part to sustain his allegations. Each party to the proceeding contends the burden of proof rests on the other, and the matter is therefore submitted to me without evidence for disposition.

By section 234 of the State Highway Law it is provided as follows:

"There may also be a qualified abandonment of a highway under the following conditions and for the following purposes, to wit: Where it appears to the town superintendents, at any time, that a highway has not become wholly disused as aforesaid, but that it has not for two years next previous thereto, been usually traveled along the greater part thereof, by more than two vehicles daily, in addition to pedestrians and persons on horseback, they shall file and cause to be recorded in the town clerk's office a certificate containing a description of that portion of the highway partially disused as aforesaid and declaring a qualified abandonment thereof. The effect of such qualified abandonment, with respect to the portion of said highway described in

the certificate, shall be as follows: It shall no longer be worked at public expense; it shall not cease to be a highway for purposes of the public easement, by reason of such suspension of work thereon; no person shall impair its use as a highway nor obstruct it, except as hereinafter provided, but no person shall be required to keep any part of it in repair," etc.

Acting under the authority of this section, the defendant made and filed the certificate attacked by the relator.

[1, 2] We are of the opinion that the burden of establishing the allegations of his petition rests upon the relator. The general rule is that the official acts of public officials are presumed to be valid and binding, and that such officials acted within and pursuant to the authority and powers conferred by law upon them. Ramsay v. Hayes, 187 N. Y. 370, 80 N. E. 193; People v. Barker, 146 N. Y. 304, 40 N. E. 996; People v. Crane, 125 N. Y. 535, 26 N. E. 736; Wood v. Morehouse, 45 N. Y. 368; Leland v. Cameron, 31 N. Y. 115; Miller v. Lewis, 4 N. Y. 554; Hand v. Columbia Co., 31 Hun, 531; U. S. v. Jones (C. C.) 31 Fed. 718; 16 Cyc. 1076, and cases cited. We are unable to discover any reason why this rule should not be applied to the situation in hand, and when so applied the presumption is that it sufficiently appeared to the superintendent of highways of the town of Salamanca that the highway in question had not been traveled along the greater part thereof, as stated in his certificate, and that he had jurisdiction to act and make the certificate he did.

It was said in Merzbach v. Mayor of New York, 163 N. Y. 16, 20, 57 N. E. 96, 97, that:

"The burden of proof is on the party who tenders the issue, because he who affirms must produce the proof to sustain his affirmation." He "who denies may rest on the weakness of his opponent's evidence, but the one who affirms must rest on the strength of his own evidence. * * * The test is which party must touch the issue first, or which will prevail thereon if no evidence is given."

We therefore are of the opinion that the alternative writ should be dismissed for want of proof sustaining the allegations of the petition. So ordered.