ERNEST F. KRUSE, Plaintiff, *v.* TOWN OF ASHFORD and Another, Defendants.

Supreme Court, Erie County, June 14, 1940.

*Ernest F. Kruse,* attorney in person.

*James S. Pierce,* for the defendants.

MALONEY, J. Plaintiff is the owner of a farm of upwards of 230 acres located in the townships of Ashford and East Otto in Cattaraugus county. Starting at that part of the farm in Ashford is a road known as the Kruse road, extending (for the within purpose) therefrom up a steep incline on a nineteen per cent grade to the Scobey road, a distance of about three-quarters of a mile. This portion of the road was qualifiedly abandoned in the fall of 1919 by an order of the superintendent of highways of the township of Ashford and a notice of such abandonment was posted at each end of that part of the road abandoned.

Plaintiff demands judgment against defendant decreeing that the plaintiff be awarded monetary damages as well as a decree vacating and setting aside the order of defendant superintendent so made as aforesaid and directing defendant to open such part of said road so abandoned and proceed at once to work, widen and repair said road, place culverts therein and proceed to open drainage ditches and otherwise make the said road usable for vehicular traffic. That part of the road in question was abandoned by the United States rural mail service in 1918, due to its impassable condition. It appears that at that time there were and are now several culverts washed out, causing deep gulleys to exist in and across the road, and it appears further that the road was not then of sufficient width to allow of vehicular traffic thereon; that to repair and recondition the road to even a usable extent would require the expenditure of money out of all proportion to the use that could or would be made thereof. Plaintiff claims that by reason of the qualified abandonment of that part of the Kruse road he or his tenants are required to drive or walk an added distance of about two miles to get to the trading center of Springville by way of the Creek road.

I find from the testimony that the additional distance is at the most nine-tenths of a mile more by way of the Creek road, which is a well-traveled highway in general use. It appears that prior to the qualified abandonment two vehicles were not using the abandoned road daily.

Plaintiff further claims that due to such qualified abandonment he was unable to rent his farm for a number of years, to his loss and damage.

Plaintiff's farm with a few others in that locality were at one time prosperous dairy farms. With the advent of improved roads, the automobile and other means of rapid transportation have caused farms located on dirt roads such as this to become marginal or submarginal farms with little demand for the rental thereof. It is common knowledge that the abandonment of such farms is due to farm owners, tenant farmers and farm labor preferring to own, rent or work farms located on improved highways within easy access of urban centers, with modern conveniences as well as the accessibility of such services as gas, electricity, mail, phone, etc. The plaintiff had actual and constructive notice for upwards of twenty years of the abandonment complained of, during all of which time he was quiescent and acquiesced constructively at least in the abandonment. Plaintiff had actual notice of the impassable condition of the road for many years prior to the abandonment by the United States mail service in 1918. It is my opinion that plaintiff was guilty of laches. The cause of action, if any, accrued if, as and when the road was abandoned. Plaintiff practically concedes in his brief that no recovery may be had for damages prior to the last six years immediately preceding plaintiff's filing notice of his claim on defendants, his theory being that the abandonment was continuous. In this we do not agree but we are in accord with counsel that the six-year Statute of Limitations applies to the within cause of action.

The defendant superintendent of highways duly complied with section 205 of the Highway Law and issued his order of qualified abandonment of that part of the road in question and thereafter there was no duty on the part of the defendant town or highway commissioner to work said road so abandoned. It would seem, therefore, in law that if there was no duty to work or repair the road there could be no liability against defendants. The Highway Law provided at the time of the granting of the order of qualified abandonment that if there were not " more than two vehicles " using the road daily " in addition to pedestrians and persons on horseback," the defendant highway commissioner had a duty to order such abandonment as aforesaid. (See *Matter of Trainer* v. *Lewis*, 243 App. Div. 630.)

In my opinion the order of qualified abandonment issued by defendant superintendent was legal and the plaintiff may not recover damages for such abandonment. The Court of Appeals has held repeatedly, even as late as June, 1940, in the case of *Dwornik* v. *State of New York* (283 N. Y. 597), decided without opinion, that no damages may be awarded by reason of grade crossings cutting off access to property adjoining such grade crossing

improvements if there is any remaining access to a highway. In the case of *Miller* v. *State of New York* (229 App. Div. 423, 424) the court said:

" None of their property was taken, but deliveries of groceries, meats and merchandise have been discontinued or lessened and the delivery of mail has been discontinued.

" The (lower) court found the facts in favor of claimants, but decided that they are not entitled to recover damages. * * *

" The land abuts on the old road as it did before and no land was taken. While the road was closed at the crossing, a new way was built from a point on the old one, northwesterly of the house, but connecting with the old one at a point easterly of the old crossing, with the result only that claimants now are obliged to travel farther when they go to their leased farm. And they are inconvenienced by the discontinuance of the deliveries formerly made. Within the authorities, the damage is *damnum absque injuria* and the statute does not permit a recovery therefor."

Judge FINCH wrote in *Jones Beach Blvd. Estate, Inc.,* v. *Moses* (268 N. Y. 362, 368) as follows:

" The plaintiff also contends that as an abutter it has an easement of access and the ordinance is an unreasonable restriction on this right. The rights of an abutter are subject to the right of the State to regulate and control the public highways for the benefit of the traveling public. [Citing cases.] Although the abutting owner may be inconvenienced by a regulation, if it is reasonably adapted to benefit the traveling public he has no remedy unless given one by some express statute.

" The mere fact that their immediate access to their premises is not from two ends of a block does not entitle them to damages. Nor does the fact that their way to some parts of the city is lengthened entitle them to relief." (*Matter of Joiner Street [City of Rochester]*, 177 App. Div. 361.)

In *Van Aken* v. *State of New York* (261 N. Y. 360) it is said in the headnote: " No damages for the closing of a road were recoverable at common law and the statute [§ 6] provides that no liability is created ' not already existing in law.' "

Plaintiff's farm is not cut off from all access to the main highways. My attention has not been called to any statute in derogation of the common-law rule as hereinbefore discussed in the cases cited. I find as a matter of fact and law that there were no recoverable damages sustained by plaintiff.

I find as a fact that the part of the Kruse road in question was not used for a period of more than twenty years last past and that such road has not been opened or worked during such period

aforesaid. The fact that there are occupied premises on the highway does not prevent the qualified abandonment thereof. (Ops. Atty.-Gen. [1909] p. 617.) Where a certificate of qualified abandonment is filed, the burden of proving that the requisite facts do not authorize the filing thereof is on the person attacking the same. (*People ex rel. Melenbacker* v. *Hubbell*, 82 Misc. 624.)

The plaintiff's petition for an order of mandamus requiring defendant to open and work the road in question is decided at this time and on the same evidence as plaintiff's action in equity by order of the Special Term of this court.

I deny plaintiff's petition for an order in the nature of mandamus requiring the town superintendent to repair and work the portion of the Kruse road in question by reason of the fact that said road was absolutely abandoned by non-usage for more than twenty years, and further that said road for a long period of time prior to 1919 was not maintained and worked as a roadway of sufficient width to allow vehicular traffic over the said road, and further that said road was not repaired or worked to the full width thereof as originally laid out.

I find it would be inequitable to grant an order in the nature of mandamus to plaintiff against defendants, there being no present or prospective user of the road, and to grant such order requiring the town to appropriate and expend funds needlessly would be a gross injustice to the town and its taxpayers.

I further find the six-year limitation applies to plaintiff's cause of action and is a bar thereto.

I find judgment in favor of defendants and against plaintiff denying plaintiff's petition for an order in the nature of mandamus, without costs.

I also find judgment in favor of defendants and against plaintiff of no cause of action, without costs.

Let judgment enter accordingly.