HUGH C. HUMPHREYS, ESQ. Attorney for the Towns of Eaton, Georgetown and Lebanon
We acknowledge receipt of your letter requesting an interpretation and construction of Highway Law §§ 205 and 205-b which relate to abandonment and qualified abandonment of town highways. You inquire what the duties of the town and adjoining landowners are, if any, in relation to a qualifiedly abandoned highway if the highway begins to be used again as a highway or if an owner of contiguous land builds a house along such a highway. You also inquire about the financial burden if, after a qualified abandonment is accomplished, the highway is not maintained and is allowed to grow up to underbrush and forest and a subsequent request is made that the town reopen the highway, as substantial expense would be incurred by the town in reopening such a highway unless the burden can be placed elsewhere.
Highway Law § 205, subdivision 1, authorizes abandonment of a town highway and subdivision 2 authorizes a qualified abandonment of a town highway. Highway Law § 205-b was enacted by Chapter 203 of the Laws of 1976 to provide that "access roads to state forest preserve lands or lands now or hereafter acquired by the state and held under the jurisdiction of the department of environmental conservation as reforestation areas for reforestation and the establishment and maintenance thereon of forest and watershed protection, the production of timber and other forest products and for recreation and kindred purposes" may be qualifiedly abandoned by following the procedure provided for in Highway Law § 205, subdivision 2. Such "access roads" are defined as "roads which are the only practical means of ingress and egress to such state lands." Highway Law § 205-b was adopted so that such an access road may no longer be completely abandoned by the town under Highway Law § 205, subdivision 1. The procedure prescribed by Highway Law § 205-b requires following the § 205, subdivision 2 procedure for qualified abandonment and requires certain additional procedural steps and provides for some slightly different effects. Both sections 205, subdivision 2 and 205-b apply to procedure and effects insofar as such access roads are concerned, but section 205-b applies only to such access roads.
The present Highway Law § 205, which relates to abandonment and qualified abandonment of town highways, is remarkably similar to section234 of the Highway Law of 1909 and present Highway Law §171, subdivision 2, which relates to laying out, altering or discontinuing a highway, is strikingly similar to section 191 of the Highway Law of 1909. The wording of the old and the new sections is almost identical. Because of the long period during which these provisions of the statute have been in effect, early interpretations of them constitute valid criteria for current use in formulating an opinion.
In a formal opinion of the Attorney General written to the Assistant Deputy Commissioner of the Department of Highways of the State of New York reported in 1913 Report of the Attorney General 14, in relation to reopening a qualifiedly abandoned highway, it was said:
 "In the case of a qualifiedly abandoned highway, no lands have to be taken, neither are lands affected by such reopening within the meaning of the section. No releases from owners therefore are required. * * *
 "The town superintendent may, therefore, reopen a qualifiedly abandoned highway in accordance with this section." (i.e., Highway Law § 191, now Highway Law § 171, subd. 2)
A copy of the full text of the opinion is enclosed herewith for your convenience.
In our opinion, the 1913 opinion still expresses the law and a qualifiedly abandoned town highway may be reopened under the provisions of Highway Law § 171, subdivision 2, and because of the reference in Highway Law § 205-b to § 205, this is the case whether the qualified abandonment was accomplished under Highway Law § 205, subdivision 2 or the new § 205-b. The determination as to whether to reopen the highway may be based upon the condition of the highway at the time the reopening is being considered and whether the owners of property adjoining the highway have performed or are willing to perform the work or expend the money necessary to put the public right of way in proper condition for general public use as a highway. The town may not be compelled to reopen a qualifiedly abandoned highway and the cost to the town to do so is a proper factor to be weighed in making a determination.
Highway Law § 205, subdivision 2 provides, in part:
 "The effect of such qualified abandonment, with respect to the portion of said highway described in the certificate, shall be as follows: It [sic] shall no longer be worked at the public expense; it shall not cease to be a highway for purposes of the public easement, by reason of such suspension of work thereon; no persons shall impair its use as a highway nor abstruct it, except as hereinafter provided, but no persons shall be required to keep any part of it in repair; * * *"
In our opinion, once a town has completed the proceeding for a qualified abandonment of a highway under either statutory provision, neither the town nor the adjoining owners have any duty or responsibility to care for or maintain the highway; indeed, the town is prohibited from doing so, as witness part of the quoted portion of the statute: "It shall no longer be worked at the public expense." Where there is no duty to work or repair the road and where the town is prohibited from doing so, there can be no liability on the part of the town for the failure to work or repair the road (Kruse v Town of Ashford, 174 Misc. 367 [1940]). See also, to the same effect, enclosed copy of a formal opinion of the Attorney General reported in 1909 Report of Attorney General 617.
An adjoining owner, of course, may continue to avail himself of the public easement for ingress and egress, but if the road or driveway for this personal use needs maintenance and repair, it is the responsibility of the adjoining owner to provide it for himself. Before a qualified abandonment of a highway an adjoining owner has no duty to work or repair it and there is no liability on the part of the adjoining owner for failure to do so. The act of the town in qualifiedly abandoning it can not in any way impose a new duty and a new liability upon an adjoining owner. The statute above quoted provides: "* * * but no persons shall be required to keep any part of it in repair."
If an adjoining landowner improves the right of way for his own purpose, the general public may still use the same under right of the continuing public easement. Fences may be built across the public right of way only under the circumstances and in the manner prescribed in Highway Law § 205, subdivision 2, as follows:
 "Wherever an owner or lessee of adjoining lands has the right to possession of other lands wholly or partly on the directly opposite side of the highway therefrom, he may construct and maintain across said highway a fence at each end of the area of highway which adjoins both of said opposite pieces of land, provided that each said cross fence must have a gate in the middle thereof at least ten feet in length, which gate must at all times be kept unlocked and supplied with a sufficient hasp or latch for keeping the same closed; all persons owning or using opposite lands, connected by such gates and fences, may use the portion of highway thus enclosed for pasturage; any traveler or other person who intentionally, or by wilful neglect, leaves such gate unlatched, shall be guilty of a misdemeanor, and the fact of leaving it unlatched shall be prima facie evidence of such intent or wilful neglect. Excepting as herein abrogated, all other general laws relating to highways shall apply to such partially abandoned highway."
However, when the qualified abandonment occurs under Highway Law §205-b, subdivision 1, the provision of paragraph d thereof prohibits fencing. This is one of the different effects which result when the qualified abandonment is accomplished under Highway Law §205-b.
Another different effect when action is taken under Highway Law §205-b is provided for in subdivision 1, paragraph c, which gives to the New York State Department of Environmental Conservation the right to maintain such an access road. It has no duty to do so, only the right. The town is not affected at all by the exercise or non-exercise of that right by the Department of Environmental Conservation.
Highway Law § 205-b, subdivision 1, paragraph f, lists as one of the effects of a qualified abandonment of a town highway under that section that "the title to such road shall remain with the town." This provision will have limited bearing in case of qualified abandonment of such an access road. Heyert v Orange and Rockland Utilities, Inc.,17 N.Y.2d 352 (1966). The presumption is that a highway exists only through creation of a public easement and not by acquisition by the municipality of the fee of the land and a clear showing of intent to the contrary is necessary to overcome the presumption. Any town highway in an area so remote that the highway constitutes such an access road is not apt to have been laid out and dedicated except in accordance with the usual practice as provided for in Highway Law § 171, under which only a public easement is created. In the unlikely event of the fee title in the highway having been acquired by the town, the abandonment provisions of Highway Law § 205, and hence of § 205-b are not the means available to effect an abandonment of the highway.
We enclose copies of the following informal opinions of the Attorney General which discuss some aspects of abandonment of town highways: 1960 Atty Gen [Inf Opns] 112; 1945 Atty Gen [Inf Opns] 31; 1944 Atty Gen [Inf Opns] 33.